[No. 1718, March 22, 1915.]

CLAYTON TOWNSITE COMPANY v. CLAYTON DRUG COMPANY et al.

### SYLLABUS BY THE COURT.

1. A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or a fixed or determinable future time a sum certain in money to order or to bearer.

P. 188

2. Where a statute requires the acceptance of a bill of exchange to be in writing and signed by the drawee, an oral acceptance is not binding upon the drawee.

P. 189

3. The effect of the acceptance of the order is to constitute the acceptor the principal debtor. By the act of acceptance he assumes to pay the order or bill, and becomes the

principal debtor for the amount specified; the acceptance being an admission of everything essential to the existence of such liability.

P. 189

Appeal from District Court, Union County; T. D. Leib, Judge.

Action by the Clayton Town-Site Company against the Clayton Drug Company and another. From judgment for plaintiff, defendants appeal. Reversed.

O. T. TOOMBS of Clayton, for appellant.

The order given by Slack to the Drug Company was inadmissible, for the reason that no connection was shown between the Drug Company and Bushnell Brothers, defendants.

Jones on Evid., sec. 136; sec. 170.

Hayden was not shown to have power to bind the Clayton Drug Co. or Rose M. Bushnell.

The managers of the drug company could not bind the company except upon specific authority from the company.

Mechem on Agency, sec. 66; Rice v. Wood, 113 Mass. 133, 18 Am. R. 459; Raisin v. Clark, 20 Am. R. 66; Bell v. McConnel, 41 Am. Rep. 528.

Plaintiffs in dealing with Hayden were charged with the duty of ascertaining the extent of his authority.

Mechem on Agency, sec. 271; Id., sec. 276; Id., sec. 274; Bank of Commerce v. Baird Mining Co., 13 N. M. 424.

JOSEPH GILL of Clayton, for appellee.

Bushnell Bros. Co. and The Clayton Drug Co., the evidence shows, are one and the same person.

1 Am. Ruling Cases, 17.

The evidence shows that Tom Bushnell and Charlie Bushnell had authority to accept and admit the correctness of the order.

## STATEMENT OF FACTS.

This was a suit instituted in the district court of Union county, N. M., by the Clayton Town-Site Company, a corporation, against the Clayton Drug Company and Rose M. Bushnell, based upon a certain bill of exchange set out in this opinion.

By the complaint, which is supported by the evidence as the same appears in the record, it was alleged that on or about October, 1911, one J. C. Slack sold to the defendant, the Clayton Drug Company, a stock of drugs and one cash register for the sum of $300, and received therefor in cash $150, and a credit of the same amount; that thereafter, on the 17th day of March, 1912, the said J. C. Slack gave an order to the plaintiff, appellee here, the Clayton Town-Site Company, for the balance of the amount due him, but which order was addressed to Bushnell Bros. & Co., at that time the managers of the Clayton Drug Company; that thereafter the sum of $50 was paid upon said order, leaving a balance due thereupon in the sum of $100; that at the time of the order given by Slack, as aforesaid, the Clayton Drug Company was owned by Minnie B. Burch, who subsequently, and on the 17th day of August, 1912, sold the business of the Clayton Drug Company to one Rose M. Bushnell, a codefendant in this cause, and one of the appellants here. The bill of sale transferring the stock of merchandise of the Clayton Drug Company provided that the said Rose M. Bushnell should pay all outstanding obligations of the Clayton Drug Company. The order given by Slack on Bushnell & Co. was presented to Bushnell Bros., who, as testified by the president of the Clayton Town-Site Company, accepted the order. Bushnell Bros. were subsequently succeeded by one Hayden in the management of the affairs of the Clayton Drug Company, and, as testified by the same witness, the order was then presented by him, and the $50 payment referred to was then made by Hay-

den, to the drawee named in the bill of exchange. In response to the question addressed to this witness as to whether Hayden accepted the order, the witness replied that he did. Whereupon objection was interposed on the ground that an acceptance in law contemplated something in writing; the objection being overruled, and the exception saved. While numerous assignments of error are presented, the case turns upon the sufficiency of this acceptance. A judgment having been entered for the plaintiff for the balance of the amount due under the order, an appeal was prayed for and allowed to this court.

### OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—The only assignment of error necessary for the consideration of this court is as to the sufficiency of the acceptance of the order on Bushnell Bros. & Co. given by J. C. Slack, which question was raised by several assignments of error going to the admission of the order as evidence, and to the admission of evidence to show that Bushnell Bros. accepted the bill of exchange,, and going to the evidence that Hayden accepted the order or bill of exchange, and in other respects not necessary to point out for the purpose of this opinion.

[1] It was seriously contended by appellants that there was no evidence whatever to show that Bushnell Bros. had any connection whatever with the Clayton Drug Company, or with Rose M. Bushnell, but we do not attach any importance to this contention in view of the record. The entire case seems to turn upon and be disposed of by a consideration of the question of the sufficiency of the acceptance of the bill of exchange or order given by J. C. Slack in favor of the Clayton Town-Site Company. This order is in the following words and figures, to-wit.:

. "Clayton, New Mexico, March 18th, 1912.
"Bushnell Brothers & Company: Please pay to the Clayton Town-Site Company one hundred and fifty dollars ($150.00), and charge same to me. Balance on stock purchased from me.
"Dr. J. C. Slack."

As defined by section 126, c. 83, Laws 1907, a bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or a fixed or determinable future time a sum certain in money to order or to bearer.

There can be no question, therefore, that the order given by Dr. Slack, was in all senses a bill of exchange, and, under section 127 of the Negotiable Instruments Act, did not operate as an assignment of the funds in the hands of the drawee available for the payment thereof; the drawee not being liable on the payment of the bill unless he accepts the same, which acceptance is, by the provisions of section 132 of the same act, required to be in writing and signed by the drawee.

[2] The acceptance, so far as is shown by the facts in the present case by either Bushnell Bros. or Mr. Hayden, their successor as manager of the Clayton Drug Company, was oral, which would have been sufficient at common law, but is not sufficient under the Negotiable Instruments Act, which appears as chapter 83 of the Laws of 1907.

This court, in an opinion by Chief Justice Roberts, in the recent case of Hanna v. McCrory, 141 Pac. 996, 19 N. M. 183, held that, where a statute requires the acceptance of a bill of exchange to be in writing and signed by the drawee an oral acceptance is not binding upon the drawee.

[3] Our conclusion in the case referred to disposes of the question in the present case. The drawee, in this case Bushnell Bros. & Co., so called, even though identical in interest with the Clayton Drug Company, were not primarily liable upon this bill of exchange until an acceptance had been made by them or it. The law of the subject is as stated in Ogden on Negotiable Instruments. § 74:

> "Until the bill has been accepted, the drawer is the primary debtor. After acceptance the drawer becomes secondarily liable, and his liability is the same as that of a first indorser upon

a promissory note. The effect of the acceptance
of a bill is to constitute the acceptor the princi-
pal · debtor."

Or, as stated in the opinion of the Supreme Court of
Alabama, in the case of Ragsdale v. Gresham, 141 Ala.
308, 37 South. 367, the effect of the acceptance of the
order was to constitute the acceptor the principal debtor.
By the act of acceptance he assumed to pay the order or
bill, and became the principal debtor for the amount spe-
cified; the acceptance being an admission of everything
essential to the existence of such liability. See, also, Dan-
iel on Negotiable Instruments (6th Ed.) 479, 480.

Applying the principles of law to the facts of this case,
it is clearly to be seen that the defendant Rose M. Bush-
nell cannot be said to have assumed the obligation of the
owner of the Clayton Drug Company, who, at the time the
order was given, was Minnie B. Burch, by reason of the
fact that the liability of the latter was never fixed by an
acceptance of the order such as is contemplated by the
Negotiable Instruments Act.

This being true, we find it necessary to reverse the
judgment of the district court; and it is so ordered.

Roberts, C. J., and Parker, J., concur.