## FIRST NAT. BANK OF HUGHES SPRINGS v. SANFORD et al. (No. 2338.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 24, 1920. Rehearing Denied Feb. 24, 1921.)

**1. Bills and notes &#x21D0;69—Acceptance of draft must be in writing.**

Under Negotiable Instruments Act, §§ 132, 135, an acceptance of a draft must be in writing.

Hodges, J., dissenting.

### On Motion for Rehearing.

**2. Venue &#x21D0;22(1)—Oral acceptor not proper party to action on draft as affecting venue.**

As under Negotiable Instruments Act, §§ 132, 135, an acceptance of a draft must be written to be binding, an alleged oral acceptor of a draft is not a proper party to an action against the drawer of the draft, and hence, where the alleged acceptor resided in a county other than that in which the drawer resided and action was begun, the action as to it must be transferred, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, as amended April 2, 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), regardless of plaintiff's allegation that the acceptor was estopped from setting up the statute of frauds; for, as the acceptor was not a proper party, the laying of the venue in a county of which it was not a resident could not be justified.

**3. Pleading &#x21D0;110—Facts and not pleadings are conclusive on plea of privilege.**

It is the facts, and not the averments of plaintiff's pleadings, which are determinative of a plea of privilege, and when defendant under Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, as amended April 2, 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), asserts the privilege to be sued in another county, he is entitled as a matter of law to have the cause of action transferred unless plaintiff by controverting plea not only alleges, but by testimony proves to the contrary.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by the First National Bank of Hughes Springs against Tom Sanford and the Merchants' & Planters' State Bank of Winnsboro. From a judgment sustaining the plea of privilege of the defendant last named and ordering transfer of cause, plaintiff appeals. Affirmed.

The suit was by appellant against appellee Sanford, who resided in Smith county, and appellee Merchants' & Planters' State Bank of Winnsboro, a corporation, whose place of business was in Wood county. In its petition appellant alleged that it was the owner of unpaid drafts for amounts aggregating $1,519.61 drawn by Sanford on said Winnsboro bank, and then alleged that before the drafts were drawn and before it

---

paid same the Winnsboro bank assured it it would "promptly pay," quoting, "all drafts drawn on it by Sanford, and promised to pay plaintiff (appellant) all such sums of money as plaintiff (appellant) might pay out in cashing said drafts." It then alleged that it was "in pursuance," quoting further, "of said promise and agreement on the part of the defendant (Winnsboro) bank to accept said drafts that plaintiff (appellant) cashed the said drafts as aforesaid." And it then, alleged that by reason of said Winnsboro bank's promise it "became bound and liable to pay it said sums of money in said drafts specified." By a plea in compliance with the requirement of the statute (Vernon's Statutes, art. 1903), the Winnsboro bank claimed a right to have the case against it tried in Wood county and asked that it be transferred to that county. Appellant replied by a plea in which he reiterated allegations in his petition, and alleged that the Winnsboro bank was jointly liable with Sanford to pay the drafts. It appears from the record that the parties agreed that the facts alleged in appellant's petition and its controverting plea were true, and that "the promise to pay, set forth in plaintiff's petition and in plaintiff's controverting plea, was an oral promise." And it appears that the parties further agreed:

"(1) That the defendants (appellees) would except to appellant's petition, on the trial on the merits, and would plead specially that said petition stated no cause of action on account of the fact that it pleaded an oral promise to pay the draft set forth in plaintiff's petition.

"(2) That in answer to that plaintiff (appellant) would plead the defendant was estopped by reason of the fact that in the promise to pay these drafts it followed the usual and customary course in vogue at that time between banks, and that the defendant (the Winnsboro bank) in pursuance of that agreement had previously paid three other drafts prior to the nonpayment of the one set forth in plaintiff's petition, and that, by reason of the fact that the course of conduct pursued between plaintiff and the defendant in the payment of these drafts, the plaintiff was led to believe, by the acts and conduct of the defendant, that the defendant would pay the said draft sued upon when presented—in other words a plea of estoppel."

The court below sustained the Winnsboro bank's plea and ordered the cause of action asserted against it to be transferred to Wood county, whereupon the Hughes Springs bank prosecuted this appeal.

Hugh Carney, of Atlanta, for appellant. M. D. Carlock, of Winnsboro, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The proposition in appellant's brief is as follows:

"A suit may be maintained and the venue is properly laid in the county of residence of either the drawer or drawee of a draft, where the drawee has accepted, or agreed to pay, either in writing or orally, said draft to a party cashing same upon the faith of said acceptance or promise to pay by drawee."

In support of the contention so presented appellant cites Henrietta National Bank v. State National Bank, 80 Tex. 648, 16 S. W. 321, 26 Am. St. Rep. 773, as holding that "a promise to accept a draft is tantamount to an acceptance"; Neumann v. Schroeder, 71 Tex. 81, 8 S. W. 632, as holding that "an oral promise to pay a draft is not within the statute of frauds"; Hull v. First Guaranty State Bank, 199 S. W. 1148, as holding that the "drawer and acceptor of a draft are jointly liable and suit thereon may be maintained in county of residence of either"; and Southern Creosoting Co. v. Chicago & Alton Railroad Co., 205 S. W. 716 (a Missouri case), as holding that "the requirement of the Negotiable Instruments Act that an acceptance shall be in writing does not change the rule making an oral promise to accept valid and the acceptor jointly liable with the drawer to the payee." We do not doubt the correctness of the statement in the brief as to the holdings of the courts in the three cases first mentioned; but as we understand the opinion of the court in Southern Creosoting Co. v. Chicago & Alton Railroad Co., the point appellant mentions as decided there was not before the court for decision and was not decided. The question in that case was as to whether certain letters written by the drawee of the draft in question should be construed to be an acceptance of the draft. The holding of the court was that they should be so construed.

The pertinent provisions of the Negotiable Instruments Act referred to (General Laws 1919, p. 190) are as follows:

"Sec. 132. The acceptance of a bill is a signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee."

"Sec. 135. An unconditional promise in writing to accept a bill before it is drawn is deemed an actual acceptance in favor of every person who upon the faith thereof, receives the bill for value."

So far as we are advised the question as to the effect of the statute has not been directly determined by any of the appellate courts of this state, but we think the Supreme Court, in an opinion by Chief Justice Stayton in Neumann v. Schroeder, 71 Tex. 81, 8 S. W. 632, referred to above, clearly indicated how it should be decided, when, following, but criticizing the rule it regarded as established, to wit, that a verbal acceptance or promise to pay a check or bill of exchange was not within the statute of frauds, it said:

"If the Legislature be of the opinion that verbal acceptances or promises to pay bills of exchange and like instruments ought not to be sustained, a statute so declaring will doubtless be enacted; but, in the absence of such a statute, the courts are not authorized to depart from what seems to be the settled construction of the statute of frauds in order to reach what may seem to be an evil that another and * * * better construction would have reached."

But the question has been before the courts of several of the states, and in each instance has been determined to the contrary of what appellant thought the Missouri court held in the Creosoting Company's Case. Rambo v. Bank, 88 Kan. 257, 128 Pac. 183, by the Kansas court; Hanna v. McCrory, 19 N. M. 183, 141 Pac. 996, by the New Mexico court; Town Site Co. v. Drug Co., 20 N. M. 185, 147 Pac. 460, also by the New Mexico court; Ry. Co. v. Bank, 102 Va. 753, 47 S. E. 837, by the Virginia court; and Turnpike Co. v. Gooch, 113 Miss. 50, 73 South. 869, by the Mississippi court. In disposing of the appeal in the first of the cases mentioned the court said:

"The drawee is not liable on the bill unless and until he accepts it. Section 134. Acceptance is the signification by the drawee of his assent to the order of the drawer, and acceptance must be in writing signed by the drawee. Section 139. Gen. Stat. 1909, §§ 5380, 5385. Section 134 relates to rights and duties, and not to form of remedy. It means that the drawee is not obligated to pay the holder unless and until he accepts, and the plaintiffs gain nothing by saying that they do not sue 'on the bill.'

"Neither do they gain anything by saying that they ground their action upon equitable considerations, since equity must follow the law in all cases in which the Legislature has intervened and prescribed rules of law which govern the rights of the parties.

" 'The established rule, although not of universal application, is that equity follows the law, or, as stated in Magniac v. Thompson, 15 How. 281, 299 (14 L. Ed. 696), "that, wherever the rights or the situation of parties are clearly defined and established by law, equity has no power to change or unsettle those rights or that situation, but in all such instances the maxim equitas sequitur legem is strictly applicable." * * * Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law. They are bound by positive provisions of a statute equally with courts of law, and, where the transaction or the contract is declared void because not in compliance with express statutory or constitutional provision, a court of equity cannot interpose to give validity to such transaction or contract, or any part thereof.' Hedges v. Dixon County, 150 U. S. 182, 192, 14 Sup. Ct. 71, 37 L. Ed. 1044.

"The Negotiable Instruments Act entailed no hardship upon the plaintiffs, for they might have asked for a certified check, or might easily have obtained a lawful acceptance, and to permit them to recover on the theory proposed would loose again upon the business world the evils which the statute was designed to repress."

It is obvious, if the ruling made in the cases cited is correct, and we think it is, that appellant could not maintain its suit against appellee on the latter's verbal promise to accept or pay the drafts sued upon, that appellee therefore was not a proper party to the suit on the drafts, and hence that the trial court did not err when he sustained appellee's plea.

The judgment is affirmed.

HODGES, J. (dissenting). In this case the plaintiff sued both defendants in Smith county. It alleged that Sanford, one of the defendants, resided in that county; that the appellee, the other defendant, had its domicile in Wood county. In stating its cause of action against Sanford the appellant alleges in proper form the drawing of a number of drafts by Sanford upon the appellee bank, and the advancement of money to him by the appellant upon those drafts. Some of the drafts were payable to the appellant, and some to other parties; but all of them were cashed by the appellant for the benefit of Sanford upon his assurance that the drafts would be accepted and paid by the Winnsboro bank. The drafts were neither accepted nor paid by that bank. As a basis for joining the appellee the Winnsboro bank as a party defendant with Sanford, the plaintiff alleged as follows:

"That prior to the drawing of said drafts or any of them, the defendant Tom N. Sanford was engaged in the business of mining gravel in Cass county, Tex., near Hughes Springs, Tex., and shipping the same to Wood county, Tex.; that prior to the drawing and payment of said drafts and check as aforesaid the plaintiff was informed by the defendant Tom N. Sanford that he had arranged with the defendant Merchants' & Planters' State Bank, Winnsboro, Tex., to pay all drafts drawn by him while engaged in said work of mining gravel and shipping the same to Wood county and that he would want to draw and cash drafts for the payment of his expenses in said work; that in pursuance thereof defendant Sanford assured plaintiff that said drafts would be promptly paid upon presentation by defendant bank; that plaintiff communicated with said defendant, Merchants' & Planters' State Bank, Winnsboro, Tex., prior to the drawing and payment of said drafts and check as aforesaid, and said defendant, Merchants' & Planters' State Bank, assured plaintiff that it would take care of and promptly pay all drafts drawn on it by said defendant Sanford, and promised to pay plaintiff all such sums of money as plaintiff might pay out in cashing said drafts; that in pursuance of said promise and agreement on the part of said defendant bank to accept said drafts plaintiff cashed the said drafts as aforesaid."

In its plea of privilege the Winnsboro bank alleged that its domicile and place of business was in Wood county, and that it was not at any time a resident of Smith county. It further alleged that none of the exceptions to exclusive venue in Wood county mentioned in article 1830 or article 2308 of the Revised Civil Statutes existed in that case. In its controverting affidavit, after repeating the substance of the .facts upon which the suit is based, the appellant averred that the defendant Sanford did reside in Smith county. The parties filed an agreement as to the facts, which contains the following:

"It is agreed that this plea of privilege may be heard upon the pleas and upon the controverting pleas, and the facts as alleged in the plaintiff's petition and in the plaintiff's plea controverting said plea of privilege are taken for the purpose of passing upon this plea as true. It is further agreed that the promise to pay set forth in plaintiff's petition and in plaintiff's controverting plea was an oral promise."

From this agreed statement it appears that Sanford, one of the defendants against whom a good cause of action is stated, was a resident of the county where the suit was filed. That fact brings this case within the very terms of subdivision 4 of article 1830, which provides:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides."

The only reason assigned for refusing to apply that exception in this case is that the facts, not the averments of the original petition, fail to establish any liability on the part of the Winnsboro bank for the debt evidenced by the draft sued on. This conclusion is based upon the agreed statement that the promise on the part of that bank to pay the drafts drawn by Sanford was an oral promise, and therefore it was not liable under the law as it now existed, which provides for the written acceptance of drafts.

Conceding that the defendant bank is sued as an acceptor, the petition is not subject to a demurrer upon the ground that it fails to allege a valid acceptance, for it does not state whether the promise pleaded was oral or written. Under such averments, the plaintiff might prove that it was in writing. Robb v. Ry. Co., 82 Tex. 392, 18 S. W. 707; International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93; Fahey v. Benedetti, 161 S. W. 896. Hence, if we look to the pleadings of the plaintiff, the Winnsboro bank was properly joined with its codefendant in Smith county. Cardwell v. Masterson, 27 Tex. Civ. App. 59, 66 S. W. 1123; St. L. S. W. Ry. Co. v. McKnight, 99 Tex. 295, 89 S. W. 755; Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; T. & P. Ry. Co. v.

Henson et al., 103 Tex. 598, 132 S. W. 118. In the absence of any pleading attacking the petition upon the ground of false and fraudulent representations made for the purpose of conferring local jurisdiction over a nonresident defendant, the averments of the original petition will be looked to in determining whether or not such nonresident is properly joined in the suit. Russell & Co. v. Heitmann, 86 S. W. 75; Dublin Oil Co. v. Robinson, 50 S. W. 1054; Kempner v. Vaughan, 174 S. W. 695.

The plea of privilege did not charge any false or fraudulent averments made for the purpose of conferring jurisdiction upon the district court of Smith county. It contained merely an averment of the nonresident of the pleader and a formal denial that any of the exceptions to the venue statute existed. The plaintiff conceded that the appellee was domiciled in Wood county, but alleged that its codefendant, Sanford, resided in Smith county. This latter averment was put in issue by the appellees' plea of privilege. It then devolved upon the plaintiff to prove the truth of that averment. Having done this, as is conceded in the agreed statement of facts above referred to, the venue in Smith county was sustained under the provisions of exception 4 to article 1830. If the appellee might be suable in that county in the cause of action stated in the original petition, the district court in that county then became the proper forum for the determination of all other questions which in due order of pleading would properly come after a plea of privilege, such as other pleas in abatement, special and general demurrers, as well as pleas in bar. The liability of the nonresident defendant to the demands of the plaintiff was a matter to be inquired into and settled by the evidence adduced upon a final hearing. Before answering to the merits the defendant may question the propriety of joining him in that suit, or attack the legal sufficiency of the plaintiff's petition for that purpose, and thus secure immunity from suit upon those grounds if entitled to it. But assuming that the ultimate liability of the defendant should be inquired into in determining the issue of venue only, I am of the opinion that liability is shown, not only by the pleadings of the plaintiff but by the agreed facts. It is admitted that prior to advancing any money to Sanford the appellee had expressly promised that it would pay (not accept) any drafts drawn by Sanford. It is also admitted that in consideration of that promise the amounts sued for were thereafter advanced to Sanford. We then have an oral agreement by which the appellee bound itself primarily, not as a surety, to reimburse the appellant for all those advances. The obligation to make such payment arose at the very time Sanford received the money, and was not dependent

upon the acceptance of the drafts drawn by him. That contract evidenced an original promise on the part of appellee to pay its own debt, not the debt of another within the meaning of the statute of frauds. Porter v. Norman, 136 S. W. 1173; Roach v. Timpson et al., 170 S. W. 863; Gonzales v. Garcia 179 S. W. 932. Under the terms of that agreement the drafts were merely a means of notifying the appellee that the money had been advanced to Sanford.

But even if the oral promise be treated as one to accept the drafts, that defense was not available under a plea of privilege. The statutory requirement that a promise, to be enforceable, shall be in writing, may be waived. Edwards v. Old Settlers' Association, 166 S. W. 423; Bringhurst v. Texas Co., 39 Tex. Civ. App. 500, 87 S. W. 896; Robb v. Ry. Co., supra. That defense must be presented by a general or special denial, and must be invoked either by an objection to the evidence upon the trial, or by some special pleading. Patton v. Rucker, 29 Tex. 411. It has been held that a nonresident defendant joined in a suit against one who had been discharged in bankruptcy could not urge that discharge as a reason why the nonresident was improperly sued in the county of the bankrupt's residence. Hoskins v. Bank, 48 Tex. Civ. App. 246, 107 S. W. 602. The ruling was predicated upon the ground that bankruptcy as a defense may be waived by the party entitled to plead it. It thus appears that the appellee's only defense is one to the merits of the case.

If the record shows a liability on the part of the appellee for this debt, which might be enforced in the county of its domicile, that would seem to be sufficient to settle the question of venue in favor of Smith county; for that liability is shared by Sanford, the other defendant. The liability of both grew out of the same transaction and arose at the same time—when the money was advanced to Sanford. Each became responsible for the same debt, and both may be sued at the residence of either. No question is made about Sanford's being liable, and the case does not fall within the rule announced in T. & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617. In that case the suit was filed in Tarrant county, the domicile of the railway company. Ginocchio, who resided in Harrison county, was joined as a party defendant. He interposed a plea of privilege, alleging that the railway company was improperly made a codefendant for the purpose of conferring jurisdiction in Tarrant county. The court held that, because the facts alleged stated no cause of action against the railway company, the latter was not a bona fide defendant within the meaning of exception 4 of the venue statute. The opinion written by Justice Stayton, however, warrants the conclusion that if a cause of action had been alleged against the railway company Ginocchio's plea would not have been good.

Article 1832 provides that, when a plea of privilege is sustained, the "cause shall not be dismissed, but the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein." Article 1833 requires, in such cases, the clerk to make up a transcript of all the orders made in said cause "and transmit the same, with the original papers in the cause, to the clerk of the court to which the venue has been changed." In this case it is practically impossible for the clerk to comply with the order of the trial court without in the same act destroying the plaintiff's pending suit against Sanford. This he has no right to do, nor has the court any power to direct it to be done. We have here but one suit, although there are two defendants. The court must order the entire "cause" removed, or permit the entire cause to remain in Smith county. The appellee is either a proper party to the suit, or it is not. If it is a proper party, the trial court had jurisdiction over its person; if it is not a proper party, its remedy is to seek a discharge upon that ground.

For the reasons stated, I think the judgment appealed from is erroneous and should be reversed.

## On Motion for Rehearing.

WILLSON, C. J. [2] The ground urged in the motion, to wit, that this court "erred," quoting, "in holding that the appellee bank was not estopped from setting up the statute of frauds, as the appellee bank acted in a way to mislead the appellant bank and cause it to advance money which it would not have done had not the appellee bank misled it," indicates that appellant misunderstood the opinion disposing of the appeal. This court did not undertake to determine that appellant could not, because of the statute of frauds or for any reason, maintain a suit against appellee in Wood county on its promise to repay to appellant money it paid to Sanford at appellee's request. This was not that kind of a suit, but was a suit on the drafts and against appellee as the acceptor thereof, and therefore such a question was not presented by the appeal. On the trial of the plea it was agreed that the fact was "that," quoting from the record, "the promise to pay set forth in plaintiff's petition and in plaintiff's controverting plea was an oral promise." That, in legal effect, when considered in connection with the pleadings of the parties, was an agreement by appellant that appellee was not a party to the contract evidenced by the drafts, and therefore not a proper party to its suit on the drafts. What this court held was in conformity to that

agreement, to wit, that appellee, not having accepted the drafts in writing, was not a party to same and therefore was not a proper party to appellant's suit on same, and hence could not, over its objection interposed in the way the statute points out, be sued on the drafts in Smith county, where it did not have a domicile and transact business, merely because the drawer of the drafts resided and was suable there.

[3] We would not think it necessary to say more in disposing of the motion, but for the view of the question taken by Associate Justice HODGES in his dissenting opinion that, if the pleadings of the plaintiff show a defendant who resides in a county other than that in which the suit is brought to be a proper party thereto, they are conclusive of the fact that he is, in the absence of pleadings by him attacking the allegations of the plaintiff showing him to be such a party on the ground that they are false and made for the fraudulent purpose of sustaining jurisdiction the court in fact does not possess over his person. As we understand the rule, it is that the facts and not what the plaintiff alleges to be the facts, which are to be looked to in determining the question made by a plea of privilege. Bank v. Gates, 213 S. W. 720; Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; Bledsoe v. Barber, 220 S. W. 369. And when a defendant interposes such a plea in conformity to the requirements of the statute, he is entitled as a matter of law to have the cause of action asserted against him transferred to the county where he resides for trial, unless the plaintiff by a controverting plea not only alleges, but by testimony proves, to the contrary. Vernon's Statutes, art. 1903, as amended April 2, 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903); Witt v. Stith, 212 S. W. 673.

The motion is overruled.