### CAUGHAN et al. v. URQUHART et al. (No. 2940.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 16, 1924. Dissenting Opinion, Oct. 23, 1924.)

**1. Venue ⟝22(3)—Defendants entitled to assert plea of privilege, where suit brought in county of defendant against whom no cause of action existed.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, where suit to recover wager against several defendants was brought in county where one defendant resided, but plaintiffs had no cause of action against such defendant, court erred in overruling defendants' plea of privilege, filed in conformity with article 1903, as amended in 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

**2. Pleading ⟝111—Burden on plaintiffs, on filing plea of privilege, to prove that defendant in whose county suit is bought is real defendant.**

Where suit to recover wager prosecuted against several defendants was brought in county where one of defendants resided, on plea of privilege being filed in conformity to Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, as amended in 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), burden was on plaintiffs to prove that defendant was a real defendant, and one against whom plaintiff had a cause of action, within article 1830, subd. 4.

Hodges, J. dissenting.

Appeal from Hunt County Court; Olin P. McWhirter, Judge.

Action by Joe Urquhart and another against T. G. Caughan and others. Judgment for plaintiffs, judgment for defendant Caughan against other defendants, and all other defendants appeal. Reversed and remanded.

Appellees Urquhart and Arnold, acting by appellee Caughan, their agent, bet appellant Aycock $275 that Mayfield, a candidate for United States Senator, would receive 50,001 votes more than his opponent, Ferguson, received in the primary election held in August, 1922. Mayfield's majority, it seems, was less than 50,001 according to official returns made, but was greater than 50,001 according to those returns and unofficial returns from counties in which the election officers failed to make returns. Aycock claimed that the official returns controlled, and he had won the bet. Urquhart and Arnold claimed to the contrary, and that they had won the bet. Ignoring the demand of Urquhart and Arnold that he turn over the stakes to them, the stakeholder, appellant Hale, turned them over to Aycock. Thereupon Urquhart and Arnold commenced this suit in the county court of Hunt county. It was against Caughan, Hale, and Aycock as defendants. In their petition, Urquhart and Arnold alleged that they and Caughan resided in said Hunt county, and that Hale and Aycock resided in Collin county; and alleged, as their cause of action, that on August 15, 1922, they placed—

"with the defendant T. G. Caughan the sum of $275, to be returned to them in about 30 days; that said defendant delivered said sum of money, or a part thereof, to the defendant Earnest Hale, and that the defendants Caughan and Hale are refusing to redeliver said money or to account for the sum to the plaintiffs, for the reason that the defendant Prentiss Aycock is claiming some interest therein, or right thereto; that, as a matter of fact, said claim is without any merit whatever; that by reason of the facts alleged the defendants Caughan and Hale have agreed and promised to redeliver and to repay, both expressly and impliedly, said sum of money to the plaintiffs; that the time for the repayment has long since expired, and that, though often requested, the defendants have failed and refused, and still, refuse, to repay or redeliver said sum of money or any part thereof, to plaintiff's damage $300."

The prayer was for judgment against Hale and Caughan for $275, interest and costs. There was no prayer in the petition for relief of any kind as against Aycock. Hale and Aycock, at the proper time, filed a plea conforming to the requirements of article 1903, Vernon's Statutes, as amended in 1917, in which they asserted a right to be sued in Collin county. Urquhart and Arnold controverted that plea by a plea in which they alleged, as reasons why they were entitled to maintain the suit in Hunt count, that:

"One of the defendants resides in Hunt county, and for the further reason that said defendant residing in Hunt county is a proper party to the suit."

It appeared from testimony heard at the trial that Caughan arranged the bet with Aycock in compliance with a request of Urqu-

hart and Arnold, when they turned over the $275 to him, that he bet same for them with some one. It further appeared that Hale, chosen by Caughan and Aycock as stakeholder, was trustworthy, and that, in agreeing he should act in that capacity, Caughan did not fail to discharge any duty he owed Urquhart and Arnold. And it further appeared that Caughan had no interest whatever in the bet, and acted in the matter merely for the accommodation of Urquhart and Arnold.

The court overruled Hale and Aycock's plea of privilege, and rendered judgment in Urquhart and Arnold's favor against them and against Caughan for $275 and interest thereon, and in Caughan's favor over against them (Hale and Aycock) for any part he might pay of the amount adjudged against him. The appeal is by Hale and Aycock alone.

H. L. Carpenter and T. W. Thompson, both of Greenville, for appellants.

Clark & Sweeton, of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] We think the contention of Hale and Aycock, that the trial court erred when he overruled their "plea of privilege" and refused to transfer the case to Collin county for trial, should be sustained.

The statute provides that, except in cases it specifies, "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile." Article 1830, Vernon's Statutes. One of the excepted cases is "where there are two or more defendants residing in different counties, in which case," it is declared, "the suit may be brought in any county where any one of the defendants resides." Subdivision 4 of said article. Evidently the trial court regarded this case as within the excepted class, because Caughan, one of the defendants, resided in Hunt county. But it is held that the defendant residing in the county where the suit is brought must be "a real defendant, and one against whom the plaintiff has a cause of action." Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287; Bingham v. Emanuel (Tex. Civ. App.) 288 S. W. 1015; Shaw v. Stinson (Tex. Civ. App.) 211 S. W. 505. It may be conceded that it appeared from the allegations in Urquhart and Arnold's petition, set out in the statement above, that Caughan was such a defendant, but the contrary plainly appeared from the testimony at the trial, and, the plea of privilege being in conformity to the requirements of the statute, it devolved on Urquhart and Arnold to prove, as well as to allege, facts showing Caughan to be such a defendant. Ray v. Kimball (Tex. Civ. App.) 207 S. W. 351; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; Supply Co. v. Oil Co. (Tex. Civ. App.) 219 S. W. 838; Bledsoe v. Barber (Tex. Civ.

App.) 220 S. W. 369; Eyres v. Bank (Tex. Civ. App.) 223 S. W. 268; Hutchison v. Hamilton (Tex. Civ. App.) 223 S. W. 864; Bank v. Sanford (Tex. Civ. App.) 228 S. W. 650; Sargent v. Wright (Tex. Civ. App.) 230 S. W. 781. The proof was that all Caughan did in connection with the bet was for the accommodation of Urquhart and Arnold, and that in doing what he did do he did not fail to discharge any duty he owed them. Plainly, Urquhart and Arnold had no cause of action against him. As they did not, they could not and did not acquire a right by making him a party to sue Hale and Aycock in Hunt county.

The judgment will be reversed, and the cause will be remanded to the court below, with instructions to transfer same to Collin county for trial, as provided by the statute. Article 1833, Vernon's Statutes.

HODGES, J., dissents.

HODGES, J. I cannot agree to the reversal of this judgment, on the ground that the plea of privilege should have been sustained. In the plaintiffs' petition a good cause of action was stated against the defendant, who resided in Hunt county, where the suit was filed. If that defendant made no answer, a valid judgment might have been rendered against him by default. If, on a trial, the plaintiff had proved the facts he alleged, a similar judgment might have been rendered against the defendant on the evidence. It also appears from the cause of action stated by the plaintiffs that the resident defendant was properly joined in a suit against the nonresident defendants. The liability as pleaded was both joint and several. It is true that the right of a plaintiff to join a nonresident defendant with one residing in the county where the suit is filed, for the purpose of conferring jurisdiction in that county, is not to be determined by the averments of the plaintiff in stating his cause of action. The nonresident defendant may deny the plaintiff's averments, stating the place of residence of any or all of the defendants; or he may admit the residence as alleged, and plead that the resident defendant was not a proper party to the suit, or that he was made a party defendant for the purpose of giving jurisdiction to a court in the county where the suit is filed. The issues thus raised must be tried as any other questions of fact involved in the controversy. If the plea of privilege is properly verified, it is, under the present statute, prima facie proof of what the denial implies. If not controverted by the plaintiff both by pleading and proof, the plea is sufficient to require the trial court to transfer the case. In this case the plea of privilege was merely in the statutory form. It alleged nothing by way of confession and avoidance.

The question upon which I differ with the majority is: What did that plea put in issue? My associates hold that it put in issue not only the fact that Caughan, one of the defendants, resided in Hunt county, but was tantamount to an averment that he was not a proper party to the suit, and, further that he was made a party defendant for the purpose of conferring jurisdiction on a court in the county where the suit was filed. My view of the law is that it put in issue only the averment of the plaintiff that Caughan resided in Hunt county, where the suit was filed. If the nonresident defendants desired to question the propriety of the joinder of Caughan in the suit, and wished to prove that he was joined for the purpose of conferring jurisdiction on the county court of Hunt county, they should have specifically pleaded those facts by way of confession and avoidance. That view of the law is, I think, sustained by the following cases: Pearce v. Wallis, Landes & Co., 58 Tex. Civ. App. 315, 124 S. W. 496; Drummond v. Allen National Bank (Tex. Civ. App.) 152 S. W. 739; Kirkpatrick v. San Angelo National Bank (Tex. Civ. App.) 184 S. W. 362. That rule is also in harmony with our established rules of pleading. A plea of privilege is, in legal effect, a plea in abatement, and such pleas are required to be specific and certain. They will be construed as admitting every fact which they do not in terms, or by necessary implication, deny. Under the rule prevailing prior to the enactment of what is now article 1903, a party pleading his privilege to be sued in the county of his residence, was required to negative every appropriate exception to the statute. That rule was one of common-law pleading. The new statute did no more than authorize a defendant to abbreviate his pleading, and dispensed with the necessity of specially denying every appropriate exception, and to shift the burden of proof when the statutory plea was properly verified. In other words, under the present statute a formal plea of privilege raises only such issues as were raised by the special denials under the former law. Facts which were then required to be pleaded by way of confession and avoidance must be so pleaded now. Under the old statute, a special pleading in this case, which simply denied that any of the defendants in this suit resided in Hunt county, would have presented only that particular issue. It would have been sufficient to notify the plaintiff only that he would, on a trial, be called upon to sustain the averment that such defendant did reside in Hunt county. It would not have notified him that the pleader intended to prove a misjoinder of parties, or that one was joined for the purpose of conferring jurisdiction in Hunt county. In this case it is conceded that Caughan, one of the actual defendants, did reside in Hunt county. That being the only issue presented in the appellants' plea of privilege, the trial court, in my judgment, properly refused to sustain the plea of privilege.