## DALLAS RY. CO. v. KIMBERLY et al.
### (No. 10915.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 20, 1924.)

**1. Pleading ⬦=111—Burden on plaintiff to overcome plea of privilege.**

Where defendant's plea of privilege was under oath and in strict compliance with Vernon's Ann. Civ. St. Supp. 1918, art. 1903, burden of proof to overcome such plea was on plaintiff.

**2. Pleading ⬦=111—Plea of privilege should be sustained where plaintiff failed to prove liability of resident defendants.**

Where action was brought against two defendants in resident county of one, on theory that defendants were joint tort-feasors under Rev. St. art. 1830, subd. 4, but other defendant filed plea of privilege, alleging that none of exceptions mentioned in articles 1830 and 2308 existed, burden was on plaintiff to show liability of resident defendant and, where she failed to overcome plea of privilege, it should have been sustained.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Mrs. Leona Kimberly, for herself and as next friend of her minor son, Clarence Kimberly, against the Dallas Railway Company and another, in which the named defendant filed a plea of privilege. From an order overruling such plea, said defendant appeals. Reversed and remanded, with directions.

Templeton, Beall, Williams & Worsham, of Dallas, for appellant.

Simpson, Moore, Parker & Rawlings, of Fort Worth, for appellee.

DUNKLIN, J. Mrs. Leona Kimberly, for herself and as next friend of her minor son, Clarence Kimberly, instituted this suit in the district court of Tarrant county for damages on account of personal injury received by the minor son while he was a passenger on a car of the Northern Texas Traction Company.

It was alleged that while Clarence Kimberly was such passenger he projected his head out of a window of the car, and while in that position his head was struck and seriously injured by a passing street car owned and operated by the Dallas Railway Company. According to further allegations in the petition, the two cars were moving in opposite directions upon tracks only about three feet apart, and the employés of both the Dallas Railway Company and the Northern Texas Traction Company who were operating said respective cars were guilty of negligence in failing to discover the perilous situation of the minor before he was struck, and in time to have avoided striking him. It was fur-

ther alleged that the injury occurred in the city of Dallas, Dallas county. The suit was instituted in the district court of Tarrant county against both the railway companies.

The Dallas Railway Company filed its plea of privilege to be sued in Dallas county, alleged to be the county of its legal domicile and principal place of business. The plea of privilege was in strict compliance with the provisions of article 1903, Rev. Civ. Statutes 1918 Supp. The plaintiff filed a controverting affidavit of the plea of privilege.

The plea of privilege was heard and overruled by the trial court, and from that ruling this appeal has been prosecuted by the Dallas Railway Company.

[1] The plea of privilege being under oath and in strict compliance with all the provisions of article 1903 of the statutes, the burden of proof to overcome the same was upon the plaintiff. Ray v. Kimball (Tex. Civ. App.) 207 S. W. 351; S. W. Commission Co. v. Chupick (Tex. Civ. App.) 225 S. W. 215; First National Bank of Coleman v. Gates (Tex. Civ. App.) 213 S. W. 720; Clarke v. Taylor (Tex. Civ. App.) 223 S. W. 878; First National Bank v. Sanford (Tex. Civ. App.) 228 S. W. 650; Richardson v. Cage (Tex. Com. App.) 252 S. W. 747.

[2] The only proof offered by the plaintiff upon the hearing of the plea of privilege was the testimony of witness Wren, to the effect that the defendant Northern Texas Traction Company had its principal office and place of business in Tarrant county.

As disclosed by plaintiff's pleadings, the theory upon which jurisdiction of the Dallas Railway Company in Tarrant county was sought to be maintained was that the two defendants were joint tort-feasors, and therefore the suit could be maintained in Tarrant county against both defendants, under subdivision 4 of article 1830, Rev. Statutes. However, the plea of privilege, which was properly verified, contained the specific allegation that none of the exceptions to the exclusive venue in the county of one's residence, mentioned in articles 1830 and 2308, existed in the cause. And under the decisions above cited it was incumbent upon the plaintiff, in order to overcome the plea of privilege, to make at least prima facie proof of liability of the resident defendant, the Northern Texas Traction Company. Such was the specific holding by the Commission of Appeals in the case of Richardson v. Cage, 252 S. W. 747, supra.

Hence, since the plaintiff failed to overcome the plea of privilege by proper proof, the court erred in overruling it.

Accordingly, that order of the trial court is reversed and venue of the plaintiff's cause of action against the Dallas Railway Company is ordered changed to the district court of Dallas county, Tex., and the clerk of the trial court is ordered to make up a tran-

---

⬦=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

script of all the orders made in said cause, certifying thereto officially under the seal of the court, and transmit the same, together with certified copies of the original papers in the cause, to the clerk of the district court of Dallas county, Tex., as required by the statutes in such cases made and provided.

Reversed and remanded.