**JAFFEE et al. v. WALKUP et al.  (No. 585.)**

Court of Civil Appeals of Texas. Waco. Oct. 27, 1927.

Rehearing Denied Dec. 1, 1927.

Pleading  ⊚⟱111—Affidavit not alleging joint cause of action against nonresident and resident defendants held insufficient to controvert plea of privilege (Rev. St. 1925, art. 2007).

In action against nonresidents and residents of the county for conversion of property, nonresident defendants' plea of privilege *held* insufficiently controverted by affidavit, under Rev. St. 1925, art. 2007, that district court of county where action was brought had jurisdiction of all defendants, under article 1995, § 4; because part of them lived in such county and by proof that three defendants were residents of such county, without alleging any joint cause of action against resident and nonresident defendants or offering evidence tending to show they had any cause of action against defendants.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by B. L. Walkup and another against Max Jaffee and others. From an order overruling their plea of privilege to be sued in the county of their residence, certain defendants appeal. Reversed and remanded.

Crane & Crane, of Dallas, for appellants. W. W. Mason, of Mexia, for appellees.

BARCUS, J. This appeal is prosecuted by appellants from an order of the district court overruling their plea of privilege to have this cause transferred to Dallas county, the place of their residence. Appellees in their petition alleged that Sam Tucker, H. M. Hagle, and J. C. McMillon, resident citizen of Navarro county, Jake Jerwick, of Hutchison county, and Jacob Berens, Max Jaffee, Jaffee Pipe & Iron Company, a partnership, and the Standard Pipe & Supply Company, a corporation, all of Dallas county, and the Brooks Supply Company, a corporation, of Jefferson county, had converted certain personal property of the value of $4,432.55. The parties above named living in Dallas county filed their separate pleas of privilege to have the cause transferred to Dallas county. The defendants living in Hutchison and Jefferson counties and the defendants living in Navarro county did not file any answers. Appellees filed their controverting affidavit to appellants' right to have the cause transferred to Dallas county, alleging that the district court of Navarro county had jurisdiction of all the parties defendant, under section 4 of article 1995, Revised Statutes, because part of them lived in Navarro county. The only evidence offered on the hearing of the plea of privilege was testimony to the effect that three of the defendants named in the original suit were residents of Navarro county. Appellants contend that the trial court should have sustained their plea of privilege because the controverting affidavit does not allege any joint cause of action against them and the defendants living in Navarro county, and because there was no evidence offered by appellees which in any way tended to show that they had any cause of action against appellants. We sustain these contentions.

Article 2007 of the Revised Statutes, in substance, requires and our courts have uniformly held that where a suit is filed against a nonresident of the county and he files a plea of privilege, the plaintiff, in order to maintain the suit in said county, must file a controverting affidavit alleging a cause of action against the nonresident defendant, and must offer evidence to establish a prima facie case thereof. Richardson v. D. S. Gage Co.,

113 Tex. 152, 252 S. W. 747; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; World Co. v. Dow (Tex. Com. App.) 287 S. W. 241; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035. In this case there is nothing in appellee's controverting affidavit that even suggests what they claim as a cause of action against any of the defendants, and no facts are alleged that would give them a joint cause of action against the nonresident and resident defendants, and no evidence was offered to prove any cause of action, either joint or several, against the resident or nonresident defendants.

The judgment of the trial court is reversed and the cause remanded.