FIRST NAT. BANK OF RHOME v. CAGE et al.

No. 736.

Court of Civil Appeals of Texas. Eastland.

Oct. 17, 1930.

Paddock, Massingill & Belew, of Fort Worth, and Scott Key, of Eastland, for appellant.

Frank Judkins, of Eastland, for appellees.

FUNDERBURK, J.

B. B. Cage brought this suit in the district court of Eastland county against L. B. Finlayson, Mack Taylor, and the First National Bank of Rhome, Tex. The plaintiff's original petition was filed July 12, 1928, and therein the places of residence of the defendants were alleged to be L. B. Finlayson, in Eastland county, the First National Bank of Rhome in Wise county, and Mack Taylor in Tarrant county. On August 7, 1928, said First National Bank of Rhome filed a plea of privilege in statutory form, alleging Tarrant county was its place of residence. On August 8, 1928, plaintiff filed a controverting affidavit in reply to said plea of privilege. The record discloses no other proceedings until December 5, 1929, when plaintiff filed his first amended original petition, naming the same defendants, but not stating their places of residence. On the same day said bank filed its "Amended Plea of Privilege," stated to be "in lieu of and instead of the plea of privilege heretofore filed in this cause on the 7th day of August, 1928." The amended plea of privilege was also in statutory form, and only differed from the original in stating that said defendant's place of residence was in Wise county instead of Tarrant county. Also the same day plaintiff B. B. Cage filed a controverting affidavit in reply to the bank's amended plea of privilege. On December 6, 1929, the trial court, after having overruled a general exception urged by the bank to the controverting affidavit, also overruled the plea of privilege, from which action the bank has prosecuted this appeal.

On the several questions presented there are two, the decision of either one of which will be sufficiently determinative of our judgment, and the other questions need not be noticed. These questions are: (1) Were sufficient facts alleged in the controverting affidavit to justify the action of the court in overruling the plea of privilege? (2) Was there any proof of sufficient facts to warrant the court's action in overruling said plea?

■ The law requires the controverting affidavit to set out "specifically the fact or facts relied upon to confer venue" of a cause on the court where the cause is pending. R. S. 1925, art. 2007. The only fact or facts alleged in this controverting affidavit to show that venue of this suit was properly in Eastland county was the single fact that Finlayson, one of the defendants, resided in that county. Logically, that would appear to meet the statutory requirement and be sufficient to present the issue that the case comes within the exception provided in subdivision 4 of article 1995. But the courts have declined to adopt that view. It seems to be definitely settled that a controverting affidavit which seeks to maintain venue in a particular county on the ground that one of the defendants resides in that county must allege the facts showing a bona fide cause of action against the resident defendant, and further showing, at least, a cause or causes of action which, as asserted against the several defendants, is of such nature that the nonresident defendant claiming his privilege is a necessary or proper party to the suit. Richardson v. Cage, 113 Tex. 152, 252 S. W. 747; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, 865.

Such being the rule, it is clearly apparent that the controverting affidavit was insufficient to form the basis for the introduction of evidence, or the basis of a judgment overruling the plea of privilege.

■ Not only must such facts be alleged in the controverting affidavit, but they must be supported by the evidence. Neither the controverting affidavit nor the plaintiff's petition is any evidence of the existence or the nature of the cause or causes of action against the several defendants. This declaration is made with special reference to cases where venue is sought to be maintained only under the exceptional provision in subdivision 4. It does not appear to be true with reference to some other exceptional provisions, as, for instance, the one governing suits for the recovery of land (subdivision 14), or "for divorce" (subdivision 16), or "against a county" (subdivision 19), etc. Oakland Motor Car Co. v. Jones, supra. We had occasion in the last named case to consider the reason why the same rule is not applied in cases coming under subdivision 4, and in reference to that matter said: "Manifestly, it was thought that to do so would render the right of a defendant to be sued in the county of his residence too easily liable to be denied to him by the simple allegations of his adversary, never perhaps intended to be proved." In that case we reached the conclusion applicable and controlling in this, namely, that as to cases coming within subdivision 4 "the plaintiff must both allege and prove the facts showing a bona fide cause of action against the resident defendant, which is of such a nature as that an out-county defendant claiming his privilege to be sued elsewhere is properly joined in the same suit."

■■ Appellee makes a contention that the plea of privilege was insufficient, in that the allegation therein "that none of the exceptions to exclusive venue in the county of one's residence exist in this cause" is but the statement of a conclusion and not of facts. A suf-

ficient answer to that is that the statute itself expressly authorizes such an allegation, and provides that it shall constitute prima facie proof of defendant's right to a change of venue. R. S. 1925, art. 2007. If there be any question then of the sufficiency of the plea of privilege in this respect, it is one involving the validity of said statute. The statute, being a special provision, controls and provides an exception to the general statutory requirement that a pleading allege facts as contradistinguished from conclusions. No reason occurs to us why the Legislature may have been without power to enact such statute, and accordingly we overrule this contention. This likewise is in accord with our holding upon the same question involved in the case of Oakland Motor Car Co. v. Jones, supra.

We are apprised by a motion of appellant that, during the pendency of this appeal upon the plea of privilege, the case was tried on its merits, and from an adverse judgment appellant has likewise prosecuted an appeal to this court. The motion is accompanied with certified copies of the judgment below, notice of appeal, and appeal bond sufficient to apprise us that this court has acquired jurisdiction of that appeal. The certified record accompanying said motion also shows exceptions of the appellant to the action of the court in proceeding to trial during the pendency of this appeal. Our holding in this case is completely determinative of any question that can properly be presented upon an appeal of the case upon its merits, since in no event can such judgment be permitted to stand.

It is therefore our opinion that the judgment of the trial court overruling the plea of privilege should be reversed, and likewise the judgment of the trial court upon the merits, and that said cause should be now here transferred to the district court of Wise county, and it is accordingly so ordered.