**BARNUM et al. v. LANCASTER HARDWARE CO.**

No. 11046.

Court of Civil Appeals of Texas. Dallas.
June 20, 1931.

Rehearing Denied July 18, 1931.

White & Yarborough, of Dallas, for appellants.

1104

Bell & Clark, Howard G. Steere, and J. Harold Goode, all of Dallas, for appellee.

JONES, C. J.

Appellee, Lancaster Hardware Company, instituted suit in Dallas county court at law No. 2, to recover from the estate of G. H. Williams, deceased, a balance of $280, alleged to be due as funeral expenses for the burial of deceased. Appellant Mrs. Henrietta Barnum is the duly qualified and acting administratrix of such estate, and the suit was instituted against her in such capacity only; her husband, G. S. Barnum, is the other appellant and is only a pro forma party. The petition alleged that appellants resided in Van Zandt county, that Mrs. Barnum was the administratrix of the estate of Williams, and that such estate was being administered in the probate court of Dallas county.

Appellants seasonably filed a plea of privilege in the statutory form, alleging their residence to be in Van Zandt County, Texas, and that "no exception to exclusive venue in the county of one's residence, provided by law, exists in said cause; that this suit does not come within any exception provided by law in such case authorizing this suit to be brought or maintained in the County of Dallas, State of Texas, or elsewhere outside of said County of Van Zandt, Texas." Appellee filed a controverting affidavit, but same was stricken out on motion of appellants, because filed subsequent to the statutory time within which such plea may be legally filed. Appellee also filed a demurrer to the plea of privilege, specifically challenging the sufficiency of the allegations of the plea, as against the cause of action alleged in appellee's petition. This demurrer was sustained, and judgment was entered accordingly. From this judgment, sustaining the demurrer to the plea of privilege and dismissing same, appellants have duly perfected an appeal.

■ Article 1995, R. S., provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in certain specified exceptions. Subdivision 6 of said article specifies one of these exceptions, and provides that, "If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, suit may be brought in the county in which such estate is administered." The suit instituted by appellee against appellants, as shown by the allegations in its petition, is clearly within this quoted exception to the general venue statute.

■ Unless these allegations in appellee's petition fixing venue in Dallas county are controverted by the allegations in appellant's plea of privilege, such plea of privilege is insufficient on its face, and is therefore subject to the demurrer presented by appellee and sustained by the court. Yates et al. v. State et al. (Tex. Civ. App.) 3 S.W.(2d) 114, and cases therein cited; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144, and cases therein cited.

■ The trial court correctly sustained the motion to strike out appellee's controverting affidavit, and such controverting affidavit cannot be considered in disposing of any questions raised on this appeal.

■ If a plea of privilege be filed in a pending suit, and the allegations of fact contained therein are sufficient to make a prima facie case for the removal of the cause to the county of defendant's residence, then the plaintiff must file a controverting affidavit, or the court must accept as true the venue facts, as alleged in defendant's plea of privilege, and enter a judgment of removal. However, if the allegations of fact in the plea of privilege are insufficient on their face to make a prima facie case for removal under the allegations of plaintiff's petition, and such insufficiency is brought to the attention of the court by a proper exception to the plea of privilege, it becomes the duty of the court to determine plaintiffs' exception under the allegations of his petition. Yates et al. v. State et al.; Humble Pipe Line Co. v. Kincaid, supra. It follows that if plaintiff's petition contains allegations which bring a suit clearly within one of the exceptions named in article 1995, supra, and these allegations are only controverted by allegations of the plea of privilege, which state merely a conclusion of law, that "no exception to exclusive venue in the county of one's residence provided by law exists," as are the allegations in the instant case, and the specific allegations of the petition, fixing venue in the county where the suit is filed, under one of the specific exceptions, are not otherwise controverted, the plea of privilege is subject to demurrer. See authorities above cited.

■ In the instant case, there being no controverting affidavit by appellee, there was presented to the trial court by appellee's demurrer only a question of law as to the sufficiency of the facts alleged in the plea of privilege to make a prima facie case for removal of the cause to Van Zandt county, the residence of appellants. This question of law must be determined by the allegations of fact contained in the plea of privilege as to whether they controvert the allegations of fact in appellee's petition alleging a cause of action for a money demand against the Williams' estate, of which Mrs. Barnum is alleged to be the duly qualified and acting administratrix. These allegations of the petition are not met with allegations stating contrary facts, or that such allegations were fraudulently made for the purpose of venue, but are

only met by a mere conclusion of law that the suit does not come within any of the exceptions to the general venue statute. We conclude, therefore, that the plea of privilege did not present a prima facie case for change of venue and was subject to the demurrer urged against it, and such allegations in the petition must be considered as uncontroverted by appellant.

It follows that, in our opinion, the court did not err in sustaining the demurrer to the plea of privilege, that judgment should be affirmed, and it is so ordered.

Affirmed.