### THARPE v. SCHMALL.

No. 10897.

Court of Civil Appeals of Texas. Dallas.

Nov. 14, 1931.

Hamp P. Abney and N. Birge, both of Sherman, for plaintiff in error.

George L. Hamilton, of Sherman, for defendant in error.

**JONES, C. J.**

Defendant in error instituted this suit in a justice court of Grayson county against Sam L. Tharpe, as administrator of the estate of H. C. Lane, deceased, to recover an alleged indebtedness of $125, the cost of a concrete burial vault. Against this claim the administrator pleaded as an offset a note in the principal sum of $100, executed by Schmall to Lane during his lifetime. In reply to the pleading setting up the note, appellant filed a proper plea of payment, as shown by the supplemental transcript filed therein. On a final judgment in the justice court in favor of Schmall, the administrator perfected an appeal to the county court, a trial before the judge of that court resulted in the entry of judgment in favor of Schmall for the amount of his debt, and an appeal by the administrator is duly perfected to this court.

The trial court filed findings of fact and conclusions of law. A finding of fact is that the note had been paid during the lifetime of Lane. This finding is on the only disputed material issue in this case, and it is duly excepted to by the administrator, on the ground that it is not sustained by the evidence.

The evidence is, that deceased in his lifetime was the executor of some deceased person's state, the identity of such estate not given in the record; that he carried two accounts in the Merchants' & Planters' National Bank in Sherman, one a personal account in the name of II. C. Lane, and the other in the name of H. C. Lane, executor. A few weeks before Lane's death, the sum of $100 was paid to a teller of the bank by some one not directly identified by the evidence, and a duplicate deposit slip issued. This deposit slip was introduced in evidence, and shows that such payment was made to the credit of H. C. Lane, executor.

A bookkeeper testified as to the name of the teller who issued the deposit slip, and also identified records of the bank, showing that a credit of $100 was entered in the account of H. C. Lane, executor, on the same day. It is not shown that the deposit slip was issued to Schmall, or how he came into possession of same, but a reasonable deduction can be drawn that it was issued to Schmall, and that he made the deposit for the benefit of H. C. Lane, executor.

██ The teller who received the deposit was not in the employ of the bank at the time of the trial of the case, but had removed to the city of Dallas. The statement was made in court that counsel for Schmall did not know of this fact until the day of the trial. If we can indulge the presumption that Schmall made the deposit and received the deposit slip, because of his possession of this instrument at the time of trial, still we cannot base on this presumption another presumption that the payment was for the benefit of Lane personally, and not for Lane as executor. H. C. Lane individually and H. C. Lane, executor, are two distinct juristical persons, and a payment for the benefit of one cannot be construed to be a payment for the benefit of the other, in the absence of evidence tending to show such fact. The note was not payable to H. C. Lane, executor, but to H. C. Lane individually. We therefore must sustain the assignment of error that the finding of the trial court as to prior payment of the note is not sustained by the evidence.

■ It is claimed, by proper assignment of error, that all of the evidence in reference to the dispute as to the payment of the $100 and the issuance of the duplicate deposit slip was subject to the administrator's objection that it was prohibited by the provisions of article 3716, R. S. 1925. This article provides, in effect, that in suits by or against executor, administrators, or guardians, in which a judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other "as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party." It is held in this state that testimony of payment of money by the debtor to a third party, in discharge of a debt contracted with the deceased in his lifetime, is not within the prohibition of this statute. Dodson v. Watson (Tex. Civ. App.) 225 S. W. 586, and authorities therein cited. This assignment of error is overruled.

The circumstances of this case indicate that the facts in reference to the deposit of $100 to the credit of Lane as executor were not fully developed, and for that reason we shall not reverse and render the case, but remand it for another trial. If there is no further development of the facts in reference to the $100 deposit, or explanation as to why the credit of the $100 deposit was made to H. C. Lane, executor, rather than to H. C. Lane, individually, to whom the debt evidenced by the note was due, then at another trial a judgment awarding Schmall the amount of his claim, less the amount of the principal, interest, and attorney fee on the note, should be entered by the court.

Reversed and remanded.