## WEATHERLY et al. v. WHITE HOUSE LUMBER CO.

### No. 3791.

Court of Civil Appeals of Texas. Amarillo.

April 13, 1932.

Rehearing Denied May 11, 1932.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellants.

Hoover, Hoover & Cussen, of Canadian, Lackey & Lackey, of Stinnett, and Sanders & Scott, of Amarillo, for appellee.

HALL, C. J.

The appellee, lumber company, filed this suit in the district court of Hutchinson county against J. F. Weatherly and wife, Maggie M. Weatherly, who are alleged to be residents of Carson county, Tex., and joined R. L. Smith as a defendant, who is alleged to be a resident of Stevens county, Kan. Plaintiff alleges that it is a corporation doing business at Canadian, in Hemphill county. For cause of action it is alleged, in substance, that prior to. May 10, 1926, the defendants owned section 19, block Y, in Hutchinson county, and that they had prepared a plot of the town of Isom which covered a portion of said section 19. That plaintiff was in the retail lumber business and contracted with the defendants, on May 8, 1926, for the purchase of lots Nos. 28 to 44 in block 5, for the agreed consideration of $4,500. The contract provided for the future delivery of a deed conveying the fee-simple title, subject to oil, gas, and mineral leases and royalty rights theretofore given, and reserving the oil, gas, and mineral rights under said lots. That prior to said time the defendants also prepared a map showing the location of wells to be drilled and the position of tanks, etc., to be used in the production· of oil from the mineral leasehold. It is alleged that the map· was prepared to enable purchasers to so select lots that the improvements to be placed thereon would not be interfered with by the activities of the leaseholders in producing oil and gas. That the defendants, knowing the purpose for which the plaintiff desired to purchase the lots, wrongfully and with the intent of defrauding plaintiff, permitted the Marland Oil Company to place certain equipment used in the production of oil on the lots in question, which rendered said lots valueless for the purposes for which they were purchased. Plaintiff prayed for a rescission of the contract, that the defendants be required to take back the deed which plaintiff says it had never accepted or recorded, and further prayed to recover the money paid defendants on the purchase price of the lots in question.

The Weatherlys seasonably filed their plea of privilege. The lumber company filed its controverting answer.· to the plea. The Weatherlys filed their answer to the controverting plea, which contains a general demurrer, special exceptions, and a general de-

nial. Thereafter, on the 9th day of November, plaintiff was permitted to file its first amended controverting plea to defendants' plea of privilege. The amended controverting plea contained a general demurrer and other allegations not material to the disposition of the propositions here asserted.

On November 9, 1931, the court sustained the general demurrer contained in the amended controverting plea to the defendants' plea of privilege. The Weatherlys refused to amend, and judgment was further entered overruling the plea of privilege and taxing the cost against the defendants.

It appears that no testimony was offered in support of the controverting plea, and it is not clear why the trial judge overruled the plea of privilege after he had sustained a general demurrer to it.

 We have carefully examined the plea of privilege and find that it is in strict compliance with the requirements of R. S. art. 2007, and it is clear that the court erred in sustaining the demurrer to it. He was not authorized to overrule it unless the plaintiff, by evidence in support of its controverting affidavit, showed that it had the right to maintain the suit in Hutchinson county. It may be that no evidence was introduced by the plaintiff for the reason that the court had sustained the general demurrer to the defendants' plea of privilege, and, there being no plea of privilege, there was nothing to controvert. But for this fact we would reverse the judgment, with instructions to order the case transferred to Carson county. Such being the state of the record, we think the proper disposition to make of the appeal is to reverse the judgment sustaining the demurrer and overruling the plea and remand the cause to the district court of Hutchinson county for further proceedings in accordance with this opinion.

It is accordingly so ordered.

### On Motion for Rehearing.

By its motion for rehearing the appellee attacks our holding to the effect that the plea of privilege, being in strict compliance with the requirements of R. S. art. 2007, was sufficient, and that the court erred in sustaining the general demurrer to it. Appellee bases its criticism of our holding upon the case of Barnum et al. v. Lancaster Hardware Co. (Tex. Civ. App.) 40 S.W.(2d) 1103, which, it must be conceded, is directly in conflict with our holding in this case.

In the Barnum Case, Jones, Chief Justice, bases his holding upon Yates et al. v. State (Tex. Civ. App.) 3 S.W.(2d) 114, and Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144, and authorities therein cited, and holds that the allegation provided by the statute that "no exception to exclusive venue in the county of one's residence provided by law exists" is simply a legal conclusion.

We are not able to agree with the holding in the Barnum Case, because the weight of authority, as evidenced by the decisions of other Courts of Civil Appeals, as well as of the Supreme Court and of the Dallas court itself, is to the contrary.

In the case of Russell Grader Manufacturing Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124, 125, Judge Looney of the Dallas court, in passing upon this same question, said: "It has been so often held by the courts of this state, as to be axiomatic, that the filing of a plea of privilege in compliance with the statute establishes prima facie the right to have the venue of the case changed, and, unless the plea of privilege is contested," etc.

In the case of Schumacher Co. v. Dolive, 112 Tex. 564, 250 S. W. 673, the Supreme Court, in answering a certified question in the case where the statement recites that "Dolive filed his plea of privilege in manner and form as provided by the statute," said that the trial court entered a proper judgment in sustaining the plea of privilege and ordering the case transferred.

We are further sustained in our holding by the following cases: Foresyth v. Pike & Kramer (Tex. Civ. App.) 46 S.W.(2d) 733; Johnson v. First National Bank (Tex. Civ. App.) 42 S.W.(2d) 870; First National Bank of Rhome v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500, 501; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, 865; Green v. Brown (Tex. Civ. App.) 271 S. W. 394; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; Robert Nicholson Seed Co. v. Reese (Tex. Civ. App.) 39 S.W.(2d) 950; Johnson v. Dallas Cooperage & Woodenware Co. (Tex. Com. App.) 34 S.W.(2d) 845.

The motion for rehearing and to certify is overruled.