**AMERICAN FRUIT GROWERS, Inc., et al. v. SUTHERLAND.**

No. 8833.

Court of Civil Appeals of Texas. San Antonio.

May 4, 1932.

Rehearing Denied June 8, 1932.

Seabury, George & Taylor, of Brownsville, for appellants.

A. B. Crane and J. G. Foster, both of Raymondville, for appellee.

SMITH, J.

In this county court case appellants each seasonably filed his plea of privilege to be sued in the county of his domicile. Each plea contained every requisite prescribed by the statute to render it "sufficient" in law as a plea of privilege. Article 2007, R. S. 1925.

To these pleas appellee interposed general and special demurrers, as well as a controverting affidavit. The trial court considered only the general demurrer, which it sustained, and thereupon, without further ado, denied appellants' asserted privilege.

The proceeding was clearly erroneous.

It is provided by statute that a plea of privilege "shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause'; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue." Article 2007, R. S. 1925.

The plea filed by appellants in this case strictly and fully complied with those requirements of the statute.

It is further provided, in article 2007, that: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending;" that (article 2008), "upon the filing of

such controverting plea, the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege," and that after ten days' notice to defendant "the court shall promptly hear such plea of privilege and enter judgment thereon."

Appellee filed both a general and special demurrer to appellants' plea of privilege, as well as a controverting affidavit thereto. The court passed only upon the general demurrer, which was sustained, and it was thereupon decreed, "without hearing any evidence," that the plea was "insufficient," and therefore was "in all things denied and refused."

Appellants raise the question of failure of proper notice to them of the hearing of their plea. It is probable that appellants waived such notice, but that question is deemed immaterial in this inquiry.

■ The plea of privilege, being in the form and of the substance prescribed by statute, established a prima facie case for change of venue, and, until a proper controverting affidavit was timely filed, the trial judge had no power to enter any order except one sustaining the plea.

■ This interposition of the controverting affidavit had no greater effect than to put in issue the facts asserted in the plea of privilege, which must still prevail until overcome by evidence adduced upon a hearing of those issues, the burden of pleading and proof resting upon the plaintiff throughout the proceeding. The facts alleged in appellee's petition, nor those in his controverting affidavit, could be taken as true as against the plea of privilege. Those facts must be affirmatively established by evidence before the court may consider them in determining the plea of privilege. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, 865; First Nat. Bank v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500.

■■ The plea of privilege, being in strict conformity to the requirements of the statute, was impervious to demurrers. It is only when it lacks one or more of the essential elements prescribed by the statute, or sets up extraneous facts which affirmatively sustain the venue of the forum, that a plea of privilege may be reached by demurrer.

The judgment is reversed, and the cause remanded for further proceedings in consonance with this opinion.

On Motion for Rehearing.

Appellee has filed motions for rehearing and to certify. Both motions will be overruled.

In addition to the authorities cited in the original opinion in support of the holdings therein announced, we deem it proper to cite the opinion of this court on appellee's motion for rehearing in Commercial Standard Insurance Company v. W. L. Lowrie, 49 S.W.(2d) 933, 936, together with the authorities therein cited, and particularly the opinions of Judges Looney and Vaughan, respectively, of the Dallas Court of Civil Appeals, in Meadows & Co. v. Turner, 270 S. W. 899, and Waxahachie Nat. Bank v. Rothschild Co., 235 S. W. 633, which fully sustain the holdings of this court herein. If there is a conflict between the decision of this court in this case and that of the Dallas court in Barnum v. Lancaster Hdw. Co., 40 S.W.(2d) 1103. as contended by appellee, it is no more pronounced than the conflict between the opinion by Chief Justice Jones in the latter case and the opinions of his associates in the two cases first mentioned. Appellee, and some of the courts. cite the original opinion in the case of Humble Pipe Line Co. v. Kincaid, 19 S.W.(2d) 144, decided by this court, as being in conflict with the decision in this case. The question of venue in that case went off on the decision of this court that the plea of privilege was heard and properly determined on its merits, after notice, and the reference therein to the question here raised was pure obiter, which, along with the opinion embracing it, was later superseded by the majority opinion on rehearing. That case is therefore no authority on the question presented here, nor does it offer any conflict of decision.

This court will not willingly subscribe to the holding urged by appellee herein which would have the effect of nullifying the amendment of 1917 to article 2007, prescribing the requisites of a plea of privilege which "shall be sufficient" as "prima facie proof of the defendant's right to change of venue." The statute prescribes the procedure to be pursued after the filing of such "sufficient" plea. It does not prescribe any contingency or event which requires the plaintiff to enlarge upon the allegations of his original plea. It does not provide that, where the plaintiff's pleadings set out specific facts showing venue in the county selected, the defendant's plea of privilege shall specifically deny such facts, and affirmatively avoid their effect. Nor does the statute provide that, when the plaintiff files a controverting affidavit setting out such specific facts of venue, the defendant must enlarge upon his formal plea of privilege and specifically deny or avoid such facts. The statute simply, but arbitrarily, provides that, when the defendant timely files his plea of privilege in the prescribed form, it shall be sufficient to make a prima facie case for change of venue, and that, "upon the filing of such [plaintiff's] controverting plea, the judge or justice of the peace shall," after the prescribed notice, "promptly hear such plea of privilege and enter judgment thereon." It is absurd to say, in the face of the plain and mandatory provisions of the statute, that in cases, such as this, of suits for damages for fraud and breach of contract committed

in a particular county, the defendant's plea of privilege is subject to the general demurrer unless it in terms specifically negatives every allegation in plaintiff's petition or controverting affidavit which, if true, would lay venue in the county of suit. It is equally absurd to say that a plea of privilege in that character of suit, which embraces the requisites prescribed in article 2007, is subject to demurrer. In suits of that nature, a plea of privilege in the form prescribed in article 2007 is "impervious to demurrer," as stated in the original opinion. To hold otherwise would be to nullify the present statute and relegate the citizen to the interminable, tortuous, and intricate procedure of the former statute in enforcing his valuable right to be sued in the county of his domicile. As stated by Judge Looney of the Dallas Court of Civil Appeals, in Meadows & Co. v. Turner, 270 S. W. 899, 900: "The amendments referred to worked a radical change in the law. Now a plea of privilege in statutory form, unless contested, establishes absolutely the right to have the venue changed. The plaintiff can no longer rely on the allegations of his petition as prima facie proof of his right to maintain the suit where brought, but it is incumbent on him to contest the plea under oath and therein allege the specific fact, or facts, relied on to confer venue of the suit on the court where it is pending, and not only is he required to allege the specific fact, or facts, but the burden is on him to prove, at least prima facie, the existence of same."

In the case cited, as in this case, plaintiff's petition alleged specific facts which, if true, would have sustained the venue asserted, and the plea of privilege there in question was in the form prescribed in article 2007, as this plea is.

We are constrained to reiterate the following from the opinion in Commercial Standard Insurance Company v. Lowrie, supra:

"In most cases two elements are to be considered in determining venue, first the nature of the action, and second, the facts which fix the venue of suits of that nature in a particular county, or, as in some cases, counties.

"In rare cases the nature of the suit alone determines venue. Such is the case in suits brought by the Attorney General to recover lands in behalf of the state, under article 5420, R. S. 1925; Duffy v. Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495. Under specific provision in that article those suits must be brought in Travis county, regardless of the residence of the defendants * * * or of any other facts peculiar to a given case. In such suits, therefore, the question of venue is always one purely of law, * * * and never one of fact. * * * Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114.

"The true rule is, as established by the overwhelming weight of authority, that the plaintiff's petition is the 'best and all-sufficient evidence of the nature of an action' for the purpose of determining venue. For instance, the trial court may look alone to the petition to determine if the action is for divorce, or upon fraud, or to recover real estate, or for an award under the Workmen's Compensation Law, or for libel and slander, and the like. Gulf Ref. Co. v. Lipscomb (Tex. Civ. App.) 41 S.W.(2d) 248; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Thompson v. Duncan (Tex. Civ. App.) 44 S.W.(2d) 508; Dees v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301.

"But, on the other hand, and according to like weight of authority, the court may not look to the petition for facts of venue, such as the residence of parties, or if fraud was committed in the county alleged, or if real estate is in fact situated in the county alleged, or if the libel or slander was uttered in that county, or the employee seeking compensation was injured therein.

"All such matters of fact must be proven by affirmative evidence upon a hearing of the plea of privilege, and the allegations in neither the petition nor the controverting affidavit can be considered as evidence of the truth thereof. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Duffy v. Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495; First Nat. Bank v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500; Thompson v. Duncan (Tex. Civ. App.) 44 S.W. (2d) 508; Dees v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301; Oakland Motor Car Co. v. Jones, supra; Edmonds v. White (Tex. Civ. App.) 226 S. W. 819; Waxahachie Nat. Bank v. Rothschild (Tex. Civ. App.) 235 S. W. 633; Meadows v. Turner (Tex. Civ. App.) 270 S. W. 899; Hood v. Askey (Tex. Civ. App.) 270 S. W. 1047; Caughan v. Urquahart (Tex. Civ. App.) 265 S. W. 1097; Dallas Ry. Co. v. Kimberly (Tex. Civ. App.) 268 S. W. 1054; Jones v. Prod. Co. (Tex. Civ. App.) 283 S. W. 246; Eggameyer v. Machine & Supply Co. (Tex. Civ. App.) 299 S. W. 518; Jaffee v. Walkup (Tex. Civ. App.) 2 S.W.(2d) 480.

"In this case appellee made no effort to comply with the statute or with the decisions construing same, except to file the statutory affidavit controverting appellant's plea of privilege. He also filed a demurrer to the plea. No notice of the filing of said controverting plea or demurrer was given appellant, but two days after such filing in the absence of any proof, the trial court sustained the general demurrer, overruled the plea of privilege, and tried the case on its merits— all in the absence of and without notice to appellant. Clearly, under the decisions cited, the proceeding was erroneous, for, while the trial judge could consider the allegations in appellee's petition for the purpose of determining the nature of the action, he could not consider those allegations, or those in

the controverting affidavit, for the purpose of determining the facts controlling venue, such. as the matters of residence of the parties, the place where appellee was injured, or that the frauds complained of were committed in the county alleged."

Appellee's motions are overruled.