## LLOYDS AMERICA et al. v. LLOYDS SOUTHWEST INSURERS.

### No. 7795.

Court of Civil Appeals of Texas. Austin.

Jan. 11, 1933.

Rehearing Denied Feb. 1, 1933.

Lewright & Lewright, of San Antonio, for appellants.

J. B. Robertson, of San Antonio, and Dan Moody, of Austin, for appellee.

BAUGH, J.

Appeal is from the order of the district court of Travis county sustaining appellee's general demurrer to the pleas of privilege of appellants to be sued in Bexar county. The parties will be designated as in the lower court.

Plaintiff's petition is lengthy, but briefly and in substance alleges the following facts and circumstances: That Lloyds Southwest Insurers, Lone Star Lloyds, and Lloyds America were all unincorporated insurance underwriters, each acting through named individuals as respective attorneys in fact. That Lone Star Lloyds, with offices at Waco, Tex., and acting through J. O. Hartzog, C. E. Beeson, and S. S. Dorbandt, as its attorneys in fact, because of notice from the insurance commission of Texas that unless it increased its reserve, the commission would liquidate its business, entered into a written contract with George Gutherie, attorney in fact for the plaintiff, Lloyds Southwest Insurers, on April 21, 1931, whereby, in effect, said Lloyds Southwest Insurers, on conditions named, contracted, among other things, to take over all the assets, policies, so far as possible, and other business of the latter. That with full knowledge of this contract and of the rights of plaintiff accruing therefrom, Lloyds America, acting through Elliot Jones as its attorney in fact, fraudulently procured and induced the Lone Star Lloyds to breach said contract with plaintiff, and to transfer, with the approval of the insurance commission, all of its business, assets, policies, etc., to Lloyds America. Plaintiff made defendants Lloyds America and Elliot Jones, individually, and as its attorney in fact of Bexar county; C. E. Beeson of Travis county, and S. S. Dorbandt of Williamson county, individually, and as attorneys in fact for Lone Star Lloyds; and Lone Star Lloyds as an association. The fraud was alleged to have been committed

in Travis county. The suit as to Lone Star Lloyds and Beeson and Dorbandt was for fraudulent conspiracy and breach of said contract; and as to Jones and Lloyds America, for tort in procuring and conspiring with the other defendants to effectuate such breach.

The pleas of privilege of Jones and Lloyds America were in statutory form, and were filed September 30, 1931. Plaintiff filed controverting pleas on October 10, 1931. Thereafter on October 31, 1931, plaintiff filed a general demurrer to said pleas of privilege. Hearing on said pleas and controverting pleas was begun on that date but not completed, and on December 18, 1931, the trial court sustained plaintiff's general demurrer to said pleas of privilege, from which action this appeal is prosecuted.

In this the trial court erred. Appellants' pleas of privilege followed the express language of the statute, article 2007, R. S. 1925. Under numerous decisions of the courts this has been held sufficient, and is so declared by the express language of the statute itself. Article 2007; Oakland Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; First Natl. Bank v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500; Johnson v. Bank (Tex. Civ. App.) 42 S.W.(2d) 870, 871; American Fruit Growers v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898; Eckert-Burton Const. Co. v. School Board (Tex. Civ. App.) 51 S.W.(2d) 642; Brown v. Cox (Tex. Civ. App.) 53 S.W.(2d) 848. And when such plea is filed, under the general rules applicable to such cases, unless plaintiff shows by pleading and proof that he is entitled to retain venue of the suit where filed under some exception to the statute, the case should be transferred.

There are some exceptions to this rule, wherein a general or special exception to the sufficiency of such plea will lie. One of these was presented to this court in Yates v. State, 3 S.W.(2d) 114, wherein we held that the court, in testing the sufficiency of the plea of privilege against a demurrer thereto, may look to plaintiff's pleadings to ascertain the nature and character of the suit, and if it be that character of suit wherein the statute expressly fixes the venue thereof in a designated forum, as in the Yates Case, then the plea of privilege may be disposed of on the demurrer. See, also, Brown v. Cox, and American Fruit Growers v. Sutherland, supra. The court is not, however, authorized to resort to plaintiff's pleadings for any facts alleged as constituting his cause of action. No such case is here presented as was before us in the Yates Case. Appellee also cites, as sustaining the trial court's action, Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144, and Barnum v. Lancaster Hdwe. Co. (Tex. Civ. App.) 40 S.W.(2d) 1103. The issue here presented was not passed upon in the Kincaid Case. In that case the issue of venue was tried upon a controverting plea and deter-

mined adversely to the defendant after a hearing thereon. The venue issue there presented and determined related only to the sufficiency of the notice given to the plaintiff of defendant's controverting plea, precedent to a hearing on the plea of privilege. While Associate Justice Cobbs did use language in his opinion apparently sustaining appellee's contention here, the majority opinion of that court on rehearing superseded the opinion of Associate Justice Cobbs, and in a subsequent case decided by the same court (American Fruit Growers v. Sutherland, supra) on the question here presented, itself designated the language used by Associate Justice Cobbs in the Kincaid Case as "pure obiter." Clearly that case is not in point here.

The Barnum Case was a county court case in which Lancaster Hardware Company as plaintiff sued Mrs. Barnum in Dallas county in her capacity only as administratrix of the estate of G. H. Williams, alleging that such administration proceedings were pending in Dallas county. Mrs. Barnum resided in Van Zandt county, and filed her plea of privilege to be sued in that county. Exception No. 6 to article 1995, R. S. 1925, was obviously the one under which that suit was brought. It is clear that if plaintiff was entitled to sue Mrs. Barnum at all, it was only in her capacity as administratrix of an estate being administered in Dallas county, where suit was brought. Whether this was such a character of suit as, under the statute, brings it within the exception to the general rule laid down in Yates v. State, we find it unnecessary to decide. The Dallas Court of Civil Appeals decided that it was. Patently that character of suit is distinguishable from a suit on a tort, the case at bar. While the language there used is general, it should be construed in the light of the issue there presented. As a general pronouncement of the law applicable to pleas of privilege generally, which it was obviously not intended to be, it is contrary to the otherwise uniform line of decisions, and has been so expressly pointed out by the Courts of Civil Appeals at Waco, Amarillo, and San Antonio. Weatherly v. White House Lumber Co. (Tex. Civ. App.) 49 S.W.(2d) 522; American Fruit Growers v. Sutherland, supra; Eckert-Burton Const. Co. v. School Board, supra. See, also, Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845. Certainly it cannot control the case at bar, under the uniform line of decisions.

Under the circumstances, therefore, the trial court should have completed his hearing of the venue issue made by the plea of privilege and the controverting affidavit, and rendered such judgment thereon as the facts and pleadings warranted. The order appealed from is accordingly reversed, and the cause remanded.

Reversed and remanded.