### BRYANT et al. v. SPEAR et al.
### No. 1227.

Court of Civil Appeals of Texas. Eastland.
Feb. 2, 1934.

Rehearing Denied March 2, 1934.

Dave Watson and J. Franklin Spears, both of San Antonio, and Nat Gentry and D. B. Chapin, both of Tyler, for appellants.

John Broughton, of Houston, Olga Herrmann, of Kilgore, G. R. Whittington and Young, Stinchcomb & Kenley, all of Longview, Sewell, Taylor, Morris & Garwood, of Houston, and Pat Swearingen, of San Antonio, for appellees.

HICKMAN, Chief Justice.

Laura Bryant, surviving widow of Lige Bryant, deceased, and her children instituted this suit in one of the district courts of Bexar county against Angus Spear, the Bostex Oil Corporation, and a number of other defendants not necessary here to name. The residence of Spear was alleged in the petition to be in Gregg county, and that of the Bostex Oil Corporation to be in Bexar county. In that portion of the petition denominated "First Cause of Action," appellants alleged that Lige Bryant, now deceased, and his wife, Laura Bryant, one of the plaintiffs, were induced by the fraud of Spear to convey to him a certain tract of land situated in Gregg county, and being at that time their homestead. The facts alleged to constitute fraud are fully pleaded. Facts are also pleaded showing no necessity for an administration on the estate of Lige Bryant, deceased, and showing the right of his children to join in this suit. It was further alleged in the "First Cause of Action" that the defendants "or some of them have entered upon said premises and drilled oil wells thereon, etc." Allegations are made as to the quantity and value of the oil produced. Further allegations were that, in order to do justice between the partties, auditors should be appointed to determine the facts with reference to the amount of oil produced, etc.

In what they designated their "Second Cause of Action," appellants reaffirmed all

applicable portions of their pleadings in their first cause of action, and in addition they alleged that the deed was not acknowledged by either Lige Bryant or Laura Bryant, and that the certificates of acknowledgment attached thereto are false, untrue, and forgeries.

The third section of the petition was designated "Alternative Petition," the substance of which was that, in the event it should be held that any of the defendants, other than Angus Spear, were bona fide purchasers of any portion of the interests acquired by them, or either of them, then the defendant Angus Spear should respond in damages for the value of such interests so conveyed. The prayer was for a cancellation of the deed from Lige Bryant and wife, Laura Bryant, to Angus Spear, and all subsequent deeds conveying interests in said land, for title and possession of the land, writ of restitution, for an accounting, the appointment of auditors, for judgment against the defendants, jointly and severally, for the value of all oil removed from the premises, and, in the alternative, should it be held that the defendants, or either of them, other than Angus Spear, were bona fide purchasers of any interests in said land, or the oil removed therefrom, that they have judgment against Angus Spear for the value of such interests so transferred by him to bona fide purchasers.

Various of the defendants filed pleas of privilege to be sued in Gregg county, where a number of the defendants reside, including the defendant Angus Spear. These pleas were sustained, and venue ordered changed to that county, from which order this appeal is prosecuted.

Venue was sought to be maintained in Bexar county under exception 4 of article 1995, R. S. 1925, which provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

■ It is the settled rule that, where plaintiff seeks to maintain a suit against a defendant outside the county of his residence under this exception to the venue statute, the least that is required of him is that he both allege and prove a bona fide cause of action against the resident defendant. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Elliott Jones & Co. v. M. K. Towns Prod. Co. (Tex. Civ. App.) 283 S. W. 246; Russell Grader Mfg. Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124; First Nat. Bank of Bowie v. Bulls (Tex. Civ. App.) 243 S. W. 577; Dallas Ry. Co. v. Kimberly (Tex. Civ. App.) 268 S. W. 1054; Jackson v. United Producers' Pipe Line Co. (Tex. Civ. App.) 33 S.W.(2d) 540; Graves v. Buzbee (Tex.. Civ. App.) 45 S. W.(2d) 392; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Padgett v. Lake Cisco Amusement Co. (Tex. Civ. App.) 54 S.W.(2d) 201.

■ We shall pass over the question of whether the controverting plea sufficiently alleged a cause of action against the resident defendant, and consider the question of whether the evidence offered upon the trial of the issues raised by the plea was sufficient to establish the existence of a cause of action in favor of appellants against the resident defendant, Bostex Oil Corporation. The statement of facts is very short. All that we find therein contained relating to this question is the following: (1) An admission by appellees that Bostex Oil Corporation was at the time of the filing of the suit, at the time of service of citation upon it, and at the time of trial, domiciled in Bexar county; (2) an admission that said corporation was interested in the land conveyed by the deed sought to be canceled, in that it owned an interest therein under title emanating from its codefendant Angus Spear; (3) an admission that said corporation filed an answer in the suit in which it claimed to be a bona fide purchaser of an interest in said land. This evidence we hold to be insufficient to prove a cause of action against the resident defendant, Bostex Oil Corporation. The only relief sought against it was for cancellation and damages in the event it was not an innocent purchaser. There was no evidence offered on that issue.

■ The assignment that the trial court erred in overruling appellants' demurrer to the plea of privilege filed by Angus Spear is overruled. The plea contained every essential element required of such plea by statute, article 2007. It follows that same was not demurrable. Oakland Motor Car Co. v. Jones, supra; Jones v. Hickman, 121 Tex. 405, 48 S.W.(2d) 982; First Nat. Bank v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500; Johnson v. First Nat. Bank of Brenham (Tex. Civ. App.) 42 S. W.(2d) 870; Eckert-Burton Const. Co. v. Board of School Trustees (Tex. Civ. App.) 51 S.W.(2d) 642; Lloyds America v. Lloyds Southwest Insurers (Tex. Civ. App.) 56 S.W. (2d) 477; Union Nat. Bank v. Jordan (Tex. Civ. App.) 57 S.W.(2d) 313.

What is stated with regard to the plea of privilege of Angus Spear is equally applicable to the pleas of privilege by the other Gregg county residents.

Being of the opinion that the appellants failed to prove facts entitling them to maintain venue in Bexar county under exception 4 of the statute, the only exception relied upon, it follows that, in our opinion, the trial court did not err in its judgment ordering the venue changed to Gregg county, and that judgment will accordingly be affirmed.