# TOWN OF NOLENSVILLE

### v.

## Ronald M. KING.

Supreme Court of Tennessee,
at Nashville.

Oct. 2004 Session at Franklin.[1]

Dec. 16, 2004.

---

1. This case was heard on October 8, 2004 at the Williamson County Courthouse in Franklin, Tennessee as part of the S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project. Since the program began in October 1995 more than 14,000 students have participated in S.C.A.L.E.S. projects across the State.

John E. Herbison, Nashville, Tennessee, for the appellant, Ronald M. King.

Robert J. Notestine III, Nashville, Tennessee, for the appellee, Town of Nolensville.

George E. Barrett and Gerald E. Martin, Nashville, Tennessee, for Amicus Curiae, Tennessee Municipal League.

## OPINION

WILLIAM M. BARKER, J., delivered the opinion of the court, in which the panel of FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, JJ., and ALLEN WALLACE, SP.J., joined.

The issue presented in this case is whether a fine imposed by a municipal court judge in violation of Article VI, section 14 of the Tennessee Constitution, which prohibits the laying of fines in excess of fifty dollars unless assessed by a jury, is nevertheless constitutionally permissible if the person so fined has a right to a de novo appeal and jury trial in a higher court. We hold that it is not. After concluding that this issue had been left unresolved by this Court's prior decisions, the Court of Appeals held that the right to a de novo appeal and jury trial in circuit court satisfied the constitutional requirements of Article VI, section 14. We respectfully disagree. We conclude that our decision in *City of Chattanooga v. Davis*, 54 S.W.3d 248 (Tenn.2001), in which we held that Article VI, section 14 was applicable to proceedings for violations of municipal ordinances, compels a contrary result. Accordingly, we hold that Article VI, section 14 of the Tennessee Constitution prohibits a municipal court judge from imposing fines in excess of fifty dollars for the violation of a municipal ordinance, irrespective of any right afforded the defendant to obtain a jury trial upon appeal to a higher court. Therefore, for the reasons stated herein, the judgment of the Court of Appeals is reversed.

## FACTUAL BACKGROUND

This case initially arose prior to our decision in *City of Chattanooga v. Davis*, and the current appeal marks the second time this Court has reviewed the case.[2] To summarize the facts, in April of 1999, the appellant, Ronald M. King, was cited into Nolensville Municipal Court for violating a city ordinance which prohibited, among other things, the accumulation of trash or debris or the storage of inoperative automobiles or trailers on property within the town limits.[3] The appellant

2. This Court originally granted an application to appeal in this case in 2001. Thereafter, in October of 2001, we remanded the case to the Court of Appeals with directions to reconsider the case in light of our then recent opinion in *City of Chattanooga v. Davis*, 54 S.W.3d 248 (Tenn.2001). The Court of Appeals handed down a second opinion, and it is this latter opinion which we now review.

3. The Town of Nolensville municipal ordinance, as amended, provides in part:

had, at that time, nine inoperative vehicles, one trailer, two piles of scrap and a pile of wooden pallets illegally stored on his property. The appellant was found guilty and fined fifty dollars; however, the fine was suspended for thirty days to give the appellant an opportunity to correct the violation. Apparently, all of the offending items were not removed, and in May, the appellant was issued a second citation for having an inoperative automobile, a trailer, and a "pile of assorted personal belongings" stored on his property in violation of the ordinance. The appellant was again found guilty in municipal court but given another sixty days in which to remedy the violation. Finally, in August of 1999, a third hearing was held in municipal court. The appellant was found to be in continuing violation of the ordinance and fined $300 per day for each of the sixty-two days it was determined he had been in violation up to that point. Thus, the total of the fines levied against the appellant was $18,600.

The appellant then pursued two alternative judicial remedies by (1) perfecting a de novo appeal and request for a jury trial in circuit court pursuant to Tennessee Code Annotated section 27–5–101 (2000); and (2) filing a petition for a writ of certiorari in circuit court seeking a determination that the penalties assessed against him violated Article VI, section 14 of the Tennessee Constitution in that they were fines exceeding fifty dollars and had not been imposed by a jury. In a hearing on the petition for writ of certiorari, the circuit court concluded that although the municipal court had designated the assessments as "penalties," they amounted in substance to fines and therefore violated Article VI, section 14 because they were imposed by a judge rather than a jury. Due to this ruling, the circuit court also dismissed the appeal and request for a jury trial brought under section 27–5–101 and remanded the case back to the municipal court for entry of a judgment not to exceed fifty dollars.

The Town of Nolensville appealed to the Court of Appeals, which subsequently held that the proceedings in municipal court were constitutionally permissible as the monetary assessments were not fines for purposes of Article VI, section 14. The Court of Appeals also held that the appellant's right to a jury assessment of the fines had not been violated because he could have obtained a jury trial through the appeals procedure provided for in Tennessee Code Annotated section 27–5–101

---

*Section 4. Overgrown and dirty lots.* It shall be unlawful for any owner of record of real property to create, maintain, or permit to be maintained on such property the growth of trees, vines, grass, underbrush and/or the accumulation of debris, trash, litter, or garbage or any combination of the preceding elements so as to endanger the health, safety, or welfare of other citizens or to encourage the infestation of rats and other harmful animals.

. . . .

*Section 7. Abandoned and/or unusable automobiles and motor vehicles and storage trailers.*

It shall be unlawful for any persons to place or allow any abandoned or unusable automobiles, motor vehicles, or storage trailers to be stored or lodged on real property within the Town of Nolensville. For purposes of this Ordinance, 'unusable' shall mean that said automobile, motor vehicle or storage trailer is not suited for the purpose for which it was manufactured, in its present condition.

*Section 8: Violations and penalty:* Violations of this chapter shall be (sic) subject the offender to a penalty of up to five hundred dollars ($500) for each offense. Each day a violation is allowed to continue shall constitute a separate offense.

Nolensville, Tenn., Ordinance 98–04 (as amended) (May 7, 1998).

(2000).[4] Thus, the Court of Appeals vacated the order granting the writ of certiorari. We then granted the appellant's appeal. By that stage in the proceedings, however, our opinion in *City of Chattanooga v. Davis* had been handed down, and we therefore remanded the case back to the Court of Appeals with directions to reconsider it in light of our recent holding in *Davis.*

Upon reconsideration, the Court of Appeals applied the rule announced in *Davis* to conclude that the monetary assessments against the appellant were indeed "fines" for purposes of Article VI, section 14. However, the intermediate court was of the opinion that the holding in *Davis* had left open the question of whether the right to a de novo appeal and jury trial in circuit court protected the appellant's Article VI, section 14 right. Following an analysis of the issue, the Court of Appeals reaffirmed its previous holding that there had been no constitutional violation because the appellant could have had a jury set his fines, if he so chose, by pursuing a de novo appeal to circuit court and requesting a jury trial. We then granted permission to appeal in order to clarify our interpretation of Article VI, section 14 of the Tennessee Constitution, as it applies to proceedings in a municipal court.

### ANALYSIS

Article VI, section 14 of the Tennessee Constitution, commonly known as the Fifty Dollar Fines Clause, provides:

No fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars.

The constitutional right established by this clause is unique to Tennessee and "no other provision like it may be found either in the Federal Constitution or in any other modern state constitution." *City of Chattanooga v. Davis,* 54 S.W.3d 248, 257 (Tenn.2001).

■ In *Davis* we addressed the issue of whether Article VI, section 14 applied to proceedings for the violation of a municipal ordinance. *Id.* at 251. We held that Article VI, section 14 applied to such proceedings when a monetary sanction imposed for an ordinance violation was punitive and therefore a "fine" for purposes of Article VI, section 14, rather than a remedial measure. Fully explained, we held that a monetary sanction fell within the scope of Article VI, section 14 when:

(1) the legislative body creating the sanction primarily intended that the sanction punish the offender ...; or (2) despite evidence of remedial intent, the monetary sanction is shown by the "clearest proof" to be so punitive in its actual purpose or effect that it cannot be legitimately viewed as remedial in nature.

*Id.* at 264.

■ In the case before us today, both parties agree in this Court that the sanc-

---

4. The appellant's right to an appeal in circuit court is set forth in Tennessee Code Annotated section 27–5–101 (2001), which provides:
 Any person dissatisfied with the judgment of a recorder or other officer of a municipality charged with the conduct of trials, in a civil action, may, within ten (10) days thereafter, Sundays exclusive, appeal to the next term of circuit court.

*Id.* The appeal in circuit court is subject to the same terms and restrictions as an appeal from sessions court, which includes de novo review. Tenn.Code Ann. §§ 27–5–102, 27–5–108(c); *State v. Cunningham,* 972 S.W.2d 16, 18 (Tenn.Crim.App.1998). Also, a jury trial will be provided in circuit court upon a timely demand by the appellant. *City of Chattanooga v. Myers,* 787 S.W.2d 921, 928 (Tenn.1990).

tions imposed by the municipal court judge were "fines" within the meaning of Article VI, section 14. Therefore, the only issue we need address is whether the Court of Appeals erred in holding that the municipal court judge's assessment of the fines in excess of fifty dollars was constitutionally permissible because the appellant had the right to pursue a de novo appeal and obtain a jury trial in circuit court.

In construing Article VI, section 14, the Court of Appeals held that the right to have a jury assess any fine exceeding fifty dollars was satisfied when the jury was obtained *upon appeal,* rather than in the trial court. In its analysis, the Court of Appeals characterized these proceedings— a trial in municipal court followed by a de novo appeal in circuit court—as two-tier proceedings, in which the de novo appeal and jury trial in the higher court effectively wiped the slate clean of the lower court's judgment and afforded the appellant the full panoply of constitutional rights. As a result, the Court of Appeals concluded that the initial assessment of fines by the municipal court judge did not violate Article VI, section 14. We disagree. We find no support for the proposition that a constitutional right of an individual may be violated by a judge in a court of law and that violation be allowed to stand, unless the aggrieved individual takes affirmative action by appealing to a higher court for relief. To hold that such a proceeding adequately satisfies an affirmative constitutional right would contradict our most well-established principles of constitutional jurisprudence and fundamental fairness. *See City of White House v. Whitley,* 979 S.W.2d 262, 268 (Tenn. 1998) (rejecting the proposition that the right to a de novo appeal satisfied the constitutional right to a trial before an attorney judge and stating that "the due process violation resulting from the lack of an attorney judge [in municipal court] is not cured by the statutory right to a de novo appeal").

The Court of Appeals' characterization of the municipal court trial as being part of a valid two-tier proceeding is inappropriate in this instance because the municipal court lacked any ability to provide for the appellant's Article VI, section 14 right.[5] Not only was the municipal court judge expressly prohibited by Article VI, section 14 from imposing the fines in issue, but the court also lacked the authority to either empanel a jury or transfer the case to a higher court where a jury was available. This is the same factual scenario with which we were confronted in *Davis.*[6] The appellant in *Davis* had been found guilty in municipal court of violating a Chatta-

---

**5.** The Court of Appeals cited *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) to support the proposition that two-tier proceedings are valid. However, the issue in *Colten* was whether a two-tier proceeding violated the Due Process Clause when the defendant was convicted in both the lower and higher courts and assessed a harsher penalty in the higher court. *Id.* at 114, 92 S.Ct. 1953. The defendant in *Colten* had waived his right to a jury trial in the lower court, thus this was not an issue. *Id.* at 113, 92 S.Ct. 1953. *Colten* did not address the validity of such proceedings when a defendant has an affirmative right to have a jury assess any fine exceeding fifty dollars. As we have pointed out, this right provided for under Article VI, section 14 of the Tennessee Constitution is unique to our State, and no comparable provision may be found in any other modern constitution.

**6.** *Davis* actually involved two cases: *City of Chattanooga v. Davis* and *Barrett v. Metro. Gov't of Nashville and Davidson County.* These cases were consolidated for consideration on appeal because they involved the same issue. *Davis,* 54 S.W.3d at 251. The appellants in both cases had violated a municipal ordinance and were subsequently assessed a fine in excess of fifty dollars by a trial judge. *Id.* at 252, 255.

nooga municipal ordinance. *Davis*, 54 S.W.3d at 252. The municipal court judge subsequently assessed a $300 fine. *Id.* Upon appeal, we held that the assessment of such a fine violated Article VI, section 14 of the Tennessee Constitution. In reaching this conclusion this Court stated:

> Assuming presently that the General Assembly has granted the Chattanooga City Council authority to enact punitive sanctions in excess of fifty dollars, we have been unable to locate any statute that confers upon the Chattanooga City Court the power or authority to empanel a jury for this purpose.... Therefore, irrespective of any city ordinance to the contrary, the discretion of the Chattanooga City Court to impose punitive monetary sanctions is necessarily limited by Article VI, section 14 to fines not exceeding fifty dollars.

*Id.* at 267. Consequently, the Court reduced the fine assessed by the trial judge to fifty dollars, "the maximum assessment allowed under such circumstances by Article VI, section 14." *Id.* at 281–82.

We point out that the appellant in *Davis* had the same statutory right to a de novo appeal in circuit court as does the appellant in the present case.[7] Nevertheless, the availability of a jury trial upon appeal did not affect our analysis in *Davis* of whether Article VI, section 14 had been violated. By reducing the fines in both cases considered in *Davis* to fifty dollars, this Court clearly concluded that the trial courts were constrained by Article VI, section 14 of our Constitution from imposing fines exceeding fifty dollars in these cases. Presented with the same factual scenario today, we likewise apply the same reasoning and reach the same conclusion. Be-

cause the Nolensville Municipal Court judge lacked the authority to empanel a jury to assess fines, the court's power to assess fines in this case was limited by Article VI, section 14 to fines not exceeding fifty dollars. *Davis*, 54 S.W.3d at 267.

 By so stating, we do not hold that fines in excess of fifty dollars may never be imposed by judges rather than juries. Judges may impose fines in excess of fifty dollars so long as the defendant waives his or her right to a jury determination of fines in excess of fifty dollars. The defendant may voluntarily relinquish his or her constitutional right to jury determination of fines greater than fifty dollars by executing a written waiver consistent with the provisions of Rule 5(c) of the Tennessee Rules of Criminal Procedure, governing waivers of the right to a trial by jury and to a grand jury investigation. *See City of White House*, 979 S.W.2d at 268. This is precisely the procedure employed in general sessions courts when defendants are charged with misdemeanor state offenses. If a defendant in general sessions court executes a waiver of his or her right to a jury, the court may hear the case, determine guilt, and impose punishment. If, however, a defendant chooses not to waive his or her right to a jury, the general sessions court has no option other than, upon a finding of probable cause, to bind the case over for a grand jury investigation. If the grand jury returns an indictment, a jury trial may be held.

In contrast, a municipal court has no option but to fully adjudicate the case, even when the defendant requests a jury trial. Therefore, while we agree that the right to a jury determination of fines may be waived, we cannot envision that a de-

---

7. *See* Tenn.Code Ann. § 27–5–101 (2001). The appellant in *Barrett*, the companion case to *Davis*, also had a statutory right to a de novo appeal, although it was pursuant to Tennessee Code Annotated section 27–5–108 (2000) because the case initiated in general sessions court rather than municipal court.

fendant in municipal court would knowingly waive this constitutional right, and thereby allow the court to impose a fine in excess of fifty dollars, when the alternative would be either a fine of fifty dollars or less or dismissal of the case.

■ Accordingly, for the reasons stated herein, we hold that Article VI, section 14 of the Tennessee Constitution prohibits a municipal court judge from imposing fines in excess of fifty dollars for a violation of a municipal ordinance, absent a valid waiver of the defendant's Article VI, section 14 right. This limitation applies irrespective of any right affording the offender a right to a de novo appeal and jury trial in circuit court. In the present case, we reduce the appellant's fines to fifty dollars for each offense, the maximum the municipal court judge could have imposed. *See id.* at 267; *see also Huffman v. State,* 200 Tenn. 487, 292 S.W.2d 738, 744 (1956) (stating that it is duty of appellate court to reduce fine to fifty dollars to remedy Article VI, section 14 violation), *overruled on other grounds; State v. Irvin,* 603 S.W.2d 121, 123 (Tenn. 1980). Because the ordinance at issue prescribes that each day in violation constitutes a separate offense, the appropriate fine is fifty dollars per day for each of the sixty-two days the appellant was found to be in violation, resulting in a total fine of $3,100 assessed against the appellant.[8]

We stress that our holding today, along with our previous holding in *City of Chattanooga v. Davis,* applies only to *punitive* monetary sanctions and preserves a municipality's power to impose *remedial* monetary assessments for violations of ordinances. *See Davis,* 54 S.W.3d at 259 (pointing out that Article VI, section 14 does not apply when the assessment is not punitive in nature). Primarily remedial sanctions, such as to cover the cost of clean-up, reimburse administrative costs, or to compensate for actual loss may all be imposed in greater amounts pursuant to authority granted by statute. Additionally, when confronted with cases similar to this one, we point out that municipalities continue to have the option of pursuing a remedy through other courts by filing suits to abate a nuisance.[9]

We are also not insensitive to the argument by both the appellee and the Tennessee Municipal League that the prospect of a fifty dollar fine in 1796, when this provision was first enacted, would have had a greater deterrent effect than a fifty dollar fine in the present day. It is common knowledge that the real value of currency fluctuates over time. A fifty dollar fine in contemporary value lacks the weighty and serious quality a fifty dollar fine would have had two hundred years ago. Nevertheless, there is no reliable and proper way by which this Court can translate the actual value of 1796 dollars into contemporary dollar amounts. For this very reason, it is unwise for a constitution to include monetary figures, and it is no wonder that Tennessee's Constitution is the only one in the United States to include such a figure. *Davis,* 54 S.W.3d at 257. Had the delegates to the Constitutional Convention of 1796 known that the provision would survive unchanged for more than 200 years, they likely would not

---

8. While the appellee argues that our holding today should not be applied retroactively to the present case, we note that this case was in the appeals process when this Court's decision in *City of Chattanooga v. Davis,* 54 S.W.3d 248 (Tenn.2001) was handed down. At that time, we directed the Court of Appeals to reconsider its earlier decision in appellant's case in light of the holding in *Davis.* As the present case has been under review in the appeals process during this entire time, our holding today is properly applied to this case without implicating the issue of retroactive application.

9. *See* Tenn.Code Ann. § 29–3–101 et. seq. (2000).

have included a precise monetary figure. Nonetheless, this Court is constrained to uphold the plain language of the Tennessee Constitution. Proposed changes to the Fifty Dollar Fines provision must be addressed in a different forum. The General Assembly and the citizens of Tennessee, not this Court, have it in their power, if they so desire, to amend the constitution and change the fifty dollar provision of Article VI, section 14.

### CONCLUSION

In summary, we reaffirm our previous decision in *City of Chattanooga v. Davis* in which we held that Article VI, section 14 of the Tennessee Constitution applies to proceedings involving the violation of municipal ordinances when either the intended purpose or the actual purpose or effect of the monetary sanctions is punitive. We further hold that Article VI, section 14 prohibits a municipal court judge from imposing fines in excess of fifty dollars in such proceedings, irrespective of whether the person so fined has the right to a de novo appeal and jury trial in a higher court.

With respect to the case at bar, we reverse the judgment of the Court of Appeals, and we reduce the fines imposed against the appellant, Ronald M. King, to fifty dollars for each offense, the maximum amount allowed under Article VI, section 14. The appellant was found to be in violation of the ordinance in question for sixty-two days, with each day in violation constituting a separate offense. Therefore, the appellant's fines are reduced to fifty dollars per day for sixty-two days, resulting in a total amount of $3,100.

Costs of this appeal are taxed to the Town of Nolensville.