IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2006 Session

## CITY OF MILLERSVILLE v. GEARY FALK

**Appeal from the Circuit Court for Sumner County**
**No. 27146-C      C.L. Rogers, Judge**

---

**No. M2006-00389-COA-R3-CV - Filed September 28, 2007**

---

This appeal involves a dispute between the City of Millersville and a homeowner regarding the enforcement of an ordinance regulating the location of dumpsters on residential property. After the Millersville City Court fined the homeowner fifty dollars for violating the ordinance, the homeowner appealed to the Circuit Court for Sumner County. Following a bench trial, the court found that the homeowner had violated the ordinance and, in addition to fining him fifty dollars, ordered the homeowner to remove the dumpster from his property. The homeowner has appealed. We have determined that the trial court erred by ordering the homeowner to remove the dumpster from his property.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J., joined. WILLIAM B. CAIN, J., not participating.

Gary M. Williams, Hendersonville, Tennessee, for the appellant, Geary Falk.

Robert G. Wheeler, Jr., Nashville, Tennessee, for the appellee, City of Millersville.

**OPINION**

**I.**

In June 2003, the City of Millersville enacted an ordinance requiring that dumpsters kept on residential property be located in the back of the property and be adequately fenced.[1] In March 2004, Geary Falk was cited for violating the ordinance. Mr. Falk operated a small remodeling business out of his home, and the topography of his property prevented him from placing a dumpster anywhere except in his front yard. Accordingly, Mr. Falk asked the Millersville zoning board for a variance. He offered to plant shrubbery on three sides of the dumpster and to place an ivy-covered gate on the side of the dumpster that faced the road. The

---

[1]Millersville City Ordinance, No. 02-420 (effective June 3, 2003).

zoning board granted the variance on the condition that it would review Mr. Falk's property in six months. The board told Mr. Falk that if his improvements did not adequately screen the dumpster from the road, he would be required to build a fence around the dumpster or remove the dumpster from his property.

Mr. Falk planted some small shrubs around the dumpster and installed a gate but did not otherwise comply with the conditions of the variance. The City of Millersville sent him a notice in December 2004 that he had not complied with the conditions of the variance, but the letter was returned unclaimed. In February 2005, the City again cited Mr. Falk for violating the ordinance. In July 2005, the Millersville City Court fined Mr. Falk fifty dollars plus court costs and gave him ten days to erect a fence or to plant eight-foot shrubs around the dumpster or else face contempt of court charges.[2]

Mr. Falk appealed to the Circuit Court for Sumner County. At the October 2005 trial, he argued that he had substantially complied with the ordinance, or, alternatively, that the ordinance did not apply to his dumpster because his dumpster predated the passage of the ordinance. The City requested that the trial court impose the same punishment upon Mr. Falk as had the city court. The circuit court imposed a fifty dollar fine and costs. However, acting sua sponte, the trial court also ordered that Mr. Falk remove the dumpster from his property. Mr. Falk has appealed.

## II.

The primary issue on appeal is whether the trial court was empowered to order Mr. Falk to remove his dumpster when the City of Millersville was seeking to enforce its ordinance through other sanctions and was not requesting that the dumpster be removed. Mr. Falk asserts that the trial court's action exceeded its authority. The City of Millersville argues that because the trial court was hearing the case de novo, it was not limited to the remedy the City had requested. We agree that the trial court erred by ordering Mr. Falk to remove his dumpster in this proceeding.

Mr. Falk does not dispute that he violated the ordinance. Indeed, he does not even dispute that he was in violation of the terms of the variance granted him by the zoning board. Facing these facts, the City of Millersville had two procedural options. It could have filed a civil suit against Mr. Falk seeking an order requiring him to comply with the variance or to remove his dumpster. The second option, and the one which the City chose to pursue, was merely to cite Mr. Falk for his failure to comply with the ordinance.

Although it is true that a trial court may impose harsher penalties than a lower court applied when it hears the same matter de novo, *Roberts v. State*, 212 Tenn. 25, 25-27, 367

---

[2]The warrant which serves as the city court's order in the matter reflects that Mr. Falk pled guilty. Both parties apparently stipulated that the document was marked in error and that Mr. Falk was adjudicated guilty after the city court hearing in which he pled not guilty.

S.W.2d 480, 481 (1963), a trial court may not impose penalties beyond the scope of those allowed by law. *See State v. Carter*, 988 S.W.2d 145, 153 (Tenn. 1999). Further, a trial court can have no more power to impose penalties than did the city court in which the matter originated. *See City of Johnson City v. Kirk*, No. 188, 1989 WL 9545 at *2-3 (Tenn. Ct. App. 1989) (No Tenn. R. App. P. 11 application filed). When Mr. Falk appeared before the Millersville City Court and Sumner County Circuit Court, he was being tried for violation of the city ordinance – not for failure to comply with the terms of his variance. Therefore, any punishment imposed upon Mr. Falk in that proceeding was necessarily limited to the punishment allowable under the ordinance.

The record in this matter contains the complete text of the ordinance at issue, but the ordinance itself does not prescribe the penalty to be imposed for its violation. Indeed, the only evidence in the record regarding the penalty for violating the dumpster ordinance comes from the city court's judgment, which assesses a fine of fifty dollars – the maximum fine it is constitutionally allowed to impose. *See Town of Nolensville v. King*, 151 S.W.3d 427, 428 (2004).[3] At oral argument, counsel for the City of Millersville affirmed that the penalty for violating the ordinance is fifty dollars. We are aware of no reason that we should not accept as true the City's statement regarding the authorized sanction. Accordingly, the maximum punishment that a circuit court could impose on a de novo appeal from the Millersville City Court is fifty dollars. Therefore, it necessarily follows that the trial court exceeded its jurisdiction when it ordered Mr. Falk to remove his dumpster.

We have considered whether the proceedings in the trial court can be viewed as a trial regarding Mr. Falk's failure to adhere to the requirements of the variance granted him by the zoning board. Certainly the City could have amended its complaint in the circuit court to that effect. However, our search of the record reveals that the City did not attempt to amend its complaint once the case was appealed to the trial court. Thus, this claim was not at issue when the trial court heard this case.

While the City alluded to Mr. Falk's failure to comply with the variance, and while Mr. Falk defended upon the ground of substantial compliance with the variance, the city was adamant regarding its complaint and request for relief. The City wanted Mr. Falk fined fifty dollars in order to protect "the sanctity of the city ordinances." Indeed, when the trial court asked counsel for the City, "[i]n addition to finding that the ordinance . . . has been violated, what punishment is the City of Millersville asking to be meted out?" The City responded that the circuit court should "uphold" the judgment of the city court,[4] which indicates to the point of conclusiveness the fact that the City was litigating the issue presented in the city court – the issue of the ordinance violation. Therefore, despite the testimony and exhibits relating to Mr. Falk's variance, we decline to find that either the City or Mr. Falk amended their pleadings by consent

---

[3]Testimony regarding the penalty imposed by the ordinance and the source thereof was excluded as irrelevant during the trial.

[4]As the circuit judge pointed out, the de novo nature of a circuit court trial means that there is effectively no lower court opinion to uphold. *See Ware v. Meharry Med. College,* 898 S.W.2d 181, 184 (Tenn. 1995).

in order to try the separate issue of Mr. Falk's failure to adhere to the terms of the variance.  Mr. Falk was cited and tried for violating the city ordinance, nothing more.  Any penalty imposed upon him must be consistent with the penalties prescribed for violating a Millersville city ordinance.

## III.

We affirm the portion of the trial court's judgment holding that Mr. Falk violated Millersville City Ordinance, No. 02-420 by keeping a dumpster on the front of his property.  We vacate the portion of the trial court's order requiring Mr. Falk to remove his dumpster, and we remand the case to the trial court with directions to enter a judgment consistent with this opinion.[5]  We tax the costs of this appeal in equal proportions to Geary Falk and his surety and to the City of Millersville for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

---

[5]Nothing in our opinion prevents the City of Millersville from commencing a separate civil action against Mr. Falk for violating the conditions of the variance.  In such a proceeding, nothing prevents the City of Millersville from seeking the removal of the dumpster on the ground that it violates the conditions of the variance and the ordinance.